

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2003 OCT -3 ⊃ 5: 38

---

SALLY FERRARI, ELAINE JOHNSON,
JOHN MAGENHEIMER, ELIZABETH
WILLIAMS and DAVID A. MANISCALCO,

        Plaintiffs,

    *vs.*

POLAROID CORPORATION, PRIMARY
PDC, INC., OEP IMAGING OPERATING
CORPORATION, INC. and ONE EQUITY
PARTNERS LLC,

        Defendants.

CIVIL ACTION NO. 03-11275-MLW

---

## DEFENDANT ONE EQUITY PARTNERS LLC's
## MOTION TO TRANSFER VENUE

    Defendant One Equity Partners LLC moves this Court, in accordance with 28 U.S.C.

§ 1404(a), to transfer this case to the United States District Court for the District of Delaware.

As grounds for this motion, One Equity Partners states as follows:[1]

### BACKGROUND

    1.    Defendant Primary PDC, Inc., which was formerly known as Polaroid

Corporation and is referred to in this brief and as "Old Polaroid," is a debtor in proceedings

pending since October 21, 2001 under chapter 11 of the United States Bankruptcy Code in the

United States Bankruptcy Court for the District of Delaware, Case Number 01-10864 (PJW) (the

"chapter 11 case").

---

[1]    One Equity Partners relies upon and incorporates by reference the arguments in support of venue transfer contained in the brief of defendant Polaroid Corporation ("New Polaroid Brief").

2.     On July 31, 2002, Old Polaroid sold substantially all its assets to OEP Imaging Operating Corporation, which later changed its name to Polaroid Corporation and is referred to in this motion as "New Polaroid."

3.     One Equity Partners owns approximately 65% of New Polaroid; the other 35% will be distributed to Old Polaroid's creditors pursuant to a plan of reorganization in the chapter 11 case.

4.     Judicial approval of the sale of assets and related relief are embodied in the bankruptcy court's July 3, 2002 "Order Authorizing And Approving (1) Asset Purchase Agreement, (2) Sale Of Substantially All Of The Debtor's Assets Free And Clear Of Liens, Claims, And Encumbrances To OEP Imaging Corporation, (3) Assumption And Assignment To OEP Imaging Corporation Of Certain Executory Contracts And Unexpired Leases And (4) Certain Related Relief" (the "Free and Clear Order").

5.     The Free and Clear Order provides that New Polaroid did not assume any liability—as successor, transferee or otherwise—of Old Polaroid except those liabilities specifically assumed in the Asset Purchase Agreement.

6.     The Free and Clear Order specifically provided that New Polaroid did not assume any liability based on any welfare plan of Old Polaroid; on Old Polaroid's employment or termination of employment of any person; or arising under the Employee Retirement Income Security Act of 1974, as amended at 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). The order also enjoined Old Polaroid's former employees from asserting any such claims against purchaser New Polaroid.

7.     Plaintiffs are former employees of Old Polaroid. In spite of the bankruptcy court's Free and Clear Order, plaintiffs filed a complaint in this Court asserting ERISA claims

2

against Old Polaroid, as well as successor liability ERISA claims against New Polaroid and

claims against One Equity Partners as an "affiliate" of New Polaroid. The claims are, however,

the very claims that plaintiffs were enjoined from bringing by the Free and Clear Order.

## ARGUMENT

8.    Irrespective of the factors traditionally considered by district courts under 28

U.S.C. § 1404(a), there is a compelling reason to transfer in this case: According to Supreme

Court precedent, the bankruptcy court in the district of Delaware is the only court in which the

matter properly could have been brought. Under *Celotex Corp.* v. *Edwards*, 514 U.S. 300

(1995), plaintiffs must challenge or seek relief from the Free and Clear Order in the bankruptcy

court itself. A collateral attack on such an order—as is the essential nature of the complaint—is

impermissible. Because plaintiffs' sole recourse, if any, is to the bankruptcy court, transfer of

this case to the United States District Court for the District of Delaware is essential. *See*

Memorandum in Support of One Equity Partners LLC's Motion to Dismiss at § I.A.2. For this

reason, One Equity Partners, in tandem with New Polaroid, is also filing a proceeding in the

United States Bankruptcy Court for the District of Delaware, seeking a declaration that the

bankruptcy court's Free and Clear Order bars the claims pleaded in the complaint.

9.    In addition, as stated by New Polaroid in its brief (§ I.A), there is a strong

presumption that all cases related to a pending bankruptcy proceeding, whether filed in another

bankruptcy court or a district court, should be transferred to the district where the bankruptcy is

pending.

10.    The "interest of justice" traditionally considered by district courts supports

transfer as well, for at least these reasons: (a) the Delaware bankruptcy court retained jurisdiction

over disputes that arise under or are related to, or require an interpretation of, or seek to enforce

the Free and Clear Order, such as the claims asserted in this case; (b) Old Polaroid is the key

defendant in this case and plaintiffs' suit can proceed against Old Polaroid in the bankruptcy

court only; and (c) the bankruptcy court is the appropriate tribunal to handle this suit, because the

suit has the potential to interfere with or disturb the bankruptcy court's administration of the

bankruptcy estate. *See* New Polaroid Brief § I.B.

For the foregoing reasons, this action should be transferred to the United States District

Court for the District of Delaware.

## REQUEST FOR ORAL ARGUMENT

In accordance with Rule 7.1(d) of the Local Rules of this Court, One Equity Partners

LLC requests oral argument at a date and time set by this Court.

Respectfully submitted,

ONE EQUITY PARTNERS LLC

By its attorneys,

James S. Dittmar, P.C. (BBO No. 126320)
Gus P. Coldebella (BBO No. 566918)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109-2881
(617) 570-1000

Dated: October 3, 2003

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Gus P. Coldebella, hereby certify that I conferred by telephone with counsel for
plaintiffs in a good faith effort to resolve or narrow the issues presented in this motion prior to
filing, and that we were unable to resolve or narrow the issues.

Gus P. Coldebella

4

## CERTIFICATE OF SERVICE

I, Kathryn L. Alessi, hereby certify that on October 3, 2003, I caused a true copy of the foregoing Motion to be served by mail upon:

**Counsel for Plaintiffs**

> Harvey A. Schwartz, Esq.
> Laurie A. Frankl, Esq.
> Rogers, Powers and Schwartz, LLP
> 18 Tremont Street, Suite 500
> Boston, MA  02108

**Counsel for Polaroid Corporation**

> Jerome A. Hoffman, Esq.
> Matthew Lee Wiener, Esq.
> DECHERT LLP
> 1717 Arch Street
> Philadelphia, PA  19103

> Richard Glovsky, Esq.
> Jeffrey Pyle, Esq.
> PRINCE, LOBEL, GLOVSKY & TYE LLP
> 585 Commercial Street
> Boston, MA  02109

**Counsel for Primary PDC, Inc.**

> Matthew J. Matule, Esq.
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Beacon Street
> Boston, MA  02018

> Gregg M. Galardi, Esq.
> Mark L. Desgrosseilliers, Esq.
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, DE  19899

Kathryn L. Alessi