0 5 -   4 3 6

Exhibit "B"

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - x
                               :
In re:                         : Chapter 11
                               :
POLAROID CORPORATION,          : Case No. 01-10864 (PJW)
    et al.,                    :
                               : Jointly Administered
              Debtors.         :
                               : *Related Docket no. 653*
- - - - - - - - - - - - - - - x

### ORDER SETTING BAR DATES FOR FILING CERTAIN PROOFS OF CLAIM, APPROVING PROCEDURES FOR FILING SUCH PROOFS OF CLAIM, AND APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE THEREOF

Upon the motion, dated February 25, 2002 (the "Motion[1]"), of the above-captioned debtors and debtors-in-possession (the "Debtors") for an order setting bar dates for the filing of certain proofs of claim in these chapter 11 cases, approving procedures for filing such proofs of claim, and approving the form, manner and sufficiency of notice thereof; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and it appearing that sufficient notice of the Motion having been given; and it

---

[1]    Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

748

appearing that no further notice need be given; and upon
the record of these chapter 11 cases; and after due
deliberation thereon; and good cause appearing therefore;
it is hereby

FOUND THAT:

A.    The establishment of a Bar Date in the
Debtors' chapter 11 cases is necessary and in the best
interests of the Debtors, their estates, their creditors,
and all parties-in-interest; and

B.    Notice of the Bar Date provided as re-
quired by this Order is reasonably calculated to notify
creditors and other parties in interest of the Bar Date
and to provide them with sufficient opportunity to file
Proofs of Claim against the Debtors; and it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Pursuant to Bankruptcy Rule 3003(c)(3), all
persons and entities, including, without limitation,
individuals, partnerships, corporations, indenture trust-
ees, estates, trusts, unions (collectively, the "Credi-
tors") holding or wishing to assert "claims" (as that
term is defined in section 101(5) of the Bankruptcy Code)
against the Debtors (collectively, the "Claims") are
required to file a separate, completed, and executed

2

proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any Claims such Creditor holds or wishes to assert against the Debtors so that the proof of claim is <u>RECEIVED</u> on or before 5:00 p.m., Eastern time, on May 31, 2002 (the "General Bar Date").

3. Proofs of Claim shall be deemed timely filed only when <u>RECEIVED</u> by the Claims Agent at the address set forth in the Bar Date Notice by the applicable Bar Date. Proofs of claim may <u>not</u> be filed by facsimile transmission or telecopy.

4. Proofs of Claim are not required, at this time, to be filed for Claims of the types set forth in clauses (i) through (vii) below (collectively, the "Excluded Claims"):

   (i)   Claims listed in the Schedules or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" <u>and</u> that are not disputed by the holders thereof as to (a) amount, (b) classification, or (c) the identity of the Debtor against whom such Claim is scheduled;

   (ii)  Claims on account of which a proof of claim has already been properly filed with the Court against the correct Debtor;

   (iii) Claims previously allowed or paid pursuant to an order of the Court;

(iv)    Claims allowable under 11 U.S.C. §§ 503(b) and 507(a)(1) as expenses of administration;

(v)     Claims of Debtors against other Debtors;

(vi)    Claims of current officers or directors of a Debtor for indemnification and/or contribution arising as a result of such officer's or director's post-petition service to a Debtor; and

(vii)   Claims held by any current employee of a Debtor for unpaid wages, salaries, commissions, severance or benefits.

5.    All Creditors that desire to rely on the Schedules in lieu of filing a Proof of Claim shall be solely responsible for determining that their Claims are accurately listed in such Schedules.

6.    Any person or entity whose Claim arises from, or as a consequence of, the rejection of an executory contract or an unexpired lease after the entry of this Order, but prior to the entry of an order of this Court confirming a plan of reorganization or liquidation for the Debtors, must file their proof(s) of claim on or before the later of (a) thirty (30) days following the date of any order approving such rejection, (b) the date established by any other order of the Court and (c) the General Bar Date (the "Rejection Bar Date"), or be forever barred from doing so.

4

7.    The Agent for the Debtors' Pre-Petition Secured Lenders is authorized but not directed to file a proof of claim on behalf of all of such lenders and in respect of all claims arising under or in connection with the Debtors' pre-petition credit facility and may file a single claim against all Debtors liable under such facility; moreover, the Agent need not attach to its proof of claim (if any) copies of all of the documents relevant to its proof of claim, provided that counsel to the Agent shall allow any party in interest to inspect such documents upon reasonable request.

8.    The Indenture Trustee for (i) the 11½% Notes issued by Polaroid due 2006 (the "11½% Notes"), (ii) the 7¼% Notes issued by Polaroid due 2007 (the "7¼% Notes"), and (iii) the 6¾% Notes issued by Polaroid due 2002 (the "6¾% Notes" and with the 11½% Notes and 7¼% Notes, collectively, the "Bonds") shall file a proof of claim on behalf of the holders of the Bonds for all of the principal and interest due under the Bonds and all other amounts payable under the indentures, pursuant to which the Bonds were issued.  Holders of the Bonds need not file a proof of claim for Claims for any such amounts.

5

9.   Any person or entity whose claim arises from, or as a consequence of, an amendment of the Schedules subsequent to service of the Bar Date Notice as provided herein must file their proofs of claim within thirty (30) days following service of notice of the amendment of the Schedules, or be forever barred from doing so.

10.   Any holder of a Claim against the Debtors who is required, but fails, to file a Proof of Claim for such Claim in accordance with this Order on or before the Bar Date (i) shall be forever barred, estopped, and permanently enjoined from asserting such Claim against the Debtors, their successors, or their property (or filing a proof or claim with respect thereto) and the Debtors, their successors, and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, (ii) shall not be treated as a Creditor for purposes of voting on and distribution under a plan in these Chapter 11 cases with respect to such Claim, and (iii) shall not be entitled to receive further notices regarding such Claim.

11.   Nothing in this Order shall, or shall be deemed to, prejudice the Debtors' right to object to any Claim, whether filed or scheduled (e.g., as contingent,

6

unliquidated or disputed), on any ground, or to dispute, or to assert offsets against or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

12. The Debtors' proposed form of notice of the Bar Date is hereby approved. Notice of the Bar Date shall be deemed good and sufficient notice to all Creditors, known and unknown, if the Debtors (a) cause a notice in substantially the form of the Bar Date Notice annexed hereto as Exhibit A to be mailed not later than **April 1, 2002**, by first class United States Mail, postage prepaid, to (i) all entities having requested notice under Bankruptcy Rule 2002 and (ii) all known Creditors of each of the Debtors, to be determined from the Debtors' books and records as of the Petition Date (other than Creditors holding solely Excluded Claims) and (b) cause a notice in substantially the form of the Bar Date Notice to be published not later than **April 1, 2002** once in The Boston Globe and in the national edition of either The Wall Street Journal or The New York Times.

13. Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to re-

7

quest that the Court fix a date by which the holder of an
Excluded Claim must file a proof of claim or interest.

14.  The content, form, and use of the form of
proof of claim annexed hereto as Exhibit B are hereby
approved.

15.  The provisions of this Order apply to all
Claims of whatever character against the Debtors or their
property, whether such Claims are secured or unsecured,
entitled or not entitled to priority, liquidated or
unliquidated, or fixed or contingent.

16.  The Debtors are authorized to take such
steps and do such things as they deem to be reasonably
necessary to fulfill the notice requirements established
by this Order, including the expenditure of all sums
reasonably necessary to implement the provisions of this
Order.

17.  The Debtors shall cause notice in substan-
tially the form of the Bar Date Notice annexed hereto as
Exhibit A to be mailed not later than **April 1, 2002**, by
first class United States Mail, postage prepaid, to all

8

persons known to the Debtors who were participants in the

Polaroid Retiree Health Plan, the ESOP Account of the

Polaroid Retirement Savings Plan and/or the Polaroid

Retiree Life Insurance Plan as of October 9, 2001.

Dated:     Wilmington, Delaware
           March 28, 2002

_____
Honorable Peter J. Walsh
Chief United States Bankruptcy Judge



A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Polaroid Corporation, | | |
| Tax Id. No. 04-1734655, | : | Case No. 01-10864 (PJW) |
| | | |
| In re: | : | |
| Inner City, Inc., | | |
| Tax Id. No. 04-2434453, | : | Case No. 01-10865 (PJW) |
| | | |
| In re: | : | |
| Polaroid Asia Pacific Limited, | | |
| Tax Id. No. 04-2814705, | : | Case No. 01-10866 (PJW) |
| | | |
| In re: | : | |
| Polaroid Latin America Corporation | | |
| (fka Polaroid Caribbean Corpora- | : | |
| tion), | | |
| Tax Id. No. 66-0289230, | : | Case No. 01-10867 (PJW) |
| | | |
| In re: | : | |
| Polaroid Digital Solutions, Inc., | | |
| Tax Id. No. 52-2084987, | : | Case No. 01-10868 (PJW) |
| | | |
| In re: | : | |
| Polaroid Eyewear, Inc., | | |
| Tax Id. No. 00-0628794, | : | Case No. 01-10869 (PJW) |
| | | |
| In re: | : | |
| Polaroid ID Systems, Inc., | | |
| Tax Id. No. 94-2278596, | : | Case No. 01-10870 (PJW) |
| | | |
| In re: | : | |
| Polaroid Malaysia Limited, | | |
| Tax Id. No. 04-3054080, | : | Case No. 01-10871 (PJW) |
| | | |
| In re: | : | |
| PRD Capital, Inc., | | |
| Tax Id. No. 04-3338864, | : | Case No. 01-10872 (PJW) |
| | | |
| In re: | : | |
| PRD Investment, Inc., | | |
| Tax Id. No. 04-3338865, | : | Case No. 01-10874 (PJW) |
| | | |
| In re: | : | |
| International Polaroid Corporation, | | |
| Tax Id. No. 22-1701949, | : | Case No. 01-10875 (PJW) |
| | : | |

```
In re:                              :
Mag-Media Limited,                  :
Tax Id. No. 68-0101354,             :   Case No. 01-10876 (PJW)

In re:                              :
PMC, Inc.                           :
Tax Id. No. 04-2493050,             :   Case No. 01-10877 (PJW)

In re:                              :
Polaroid Asia Pacific Interna-      :
tional, Inc.,                       :
Tax Id. No. 04-3191282,             :   Case No. 01-10878 (PJW)
                                    :
In re:                              :
Polaroid Dry Imaging, LLC,          :   Case No. 01-10879 (PJW)

In re:                              :
Polaroid Eyewear FarEast, Inc.,     :
Tax Id. No. 52-2090287,             :   Case No. 01-10881 (PJW)

In re:                              :
Polaroid Memorial Drive, LLC,       :
Tax Id. No. 04-3391987,             :   Case No. 01-10882 (PJW)

In re:                              :
Sub Debt Partners Corp.            :
Tax Id. No. 13-3691551,             :   Case No. 01-10883 (PJW)

In re:                              :
Polaroid Online Services, Inc.      :
(fka Polaroid Eyewear Switzerland,  :
Inc.),                              :
Tax Id. No. 52-2090296,             :   Case No. 01-10884 (PJW)

In re:                              :
Polaroid Partners, Inc.            :
(fka Polaroid India, Inc.)          :
Tax Id. No. 98-0104969,             :   Case No. 01-10885 (PJW)
                                    :
In re:                              :
Polint, Inc.                        :
Tax Id. No. 06-1200239,             :   Case No. 01-10886 (PJW)
                                    :
              Debtors.              :   Jointly Administered
                                    :
- - - - - - - - - - - - - - - - - -x
```

### NOTICE OF DEADLINE
#### FOR FILING PROOFS OF CLAIM

TO ALL CREDITORS, EQUITY INTEREST HOLDERS OF
THE DEBTORS AND OTHER PARTIES IN INTEREST:

PLEASE TAKE NOTICE OF THE FOLLOWING:

On March ___, 2002 (the "Order Date"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order in the above captioned chapter 11 cases (the "Bar Date Order") establishing May 31, 2002 as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors to file a proof of claim so that such proof of claim is received on or before 5:00 p.m., Eastern time, on the General Bar Date at either of the following addresses:

If delivered by mail:

Donlin, Recano & Company, Inc.
As Agent for the United States Bankruptcy Court
Re: Polaroid Corporation, et al.
P.O. Box 2018, Murray Hill Station
New York, New York 10156

If delivered by hand delivery or overnight courier:

Donlin, Recano & Company, Inc.
As Agent for the United States Bankruptcy Court
Re: Polaroid Corporation, et al.
419 Park Avenue South, Suite 1206
New York, New York 10016

PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, priority or unsecured) that arose prior to October 12, 2001 (the "Petition Date") are required to file proofs of claim by the General Bar Date.

Any Entity whose Claims arise out of the rejection of an executory contract or unexpired lease (pursuant to section 365 of the Bankruptcy Code) after the Petition Date, but prior to the entry of an order confirming a plan of reorganization in the applicable Debtor's case, must file a proof of claim on or before the latest of: (1) thirty (30) days after the date of the order, pursuant to section 365 of the Bankruptcy Code, authorizing the rejection of such contract or lease; (2) any date set by another order of the Court or (3) the General Bar Date (the "Rejection Bar Date"). Any Claims respecting any other lease or contract are required to be filed by the General Bar Date.

3

Any Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases, and any Entity whose prepetition Claim is improperly classified in the Schedules or is listed in an incorrect amount or is scheduled against an incorrect Debtor and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules or against a Debtor other than as set forth in the Schedules, must file a proof of claim on or before the General Bar Date. If your claim has been scheduled by the Debtors, the classification, amount, and Debtor against which your claim has been scheduled is indicated on the enclosed claim form.

If, after the General Bar Date, any of the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein or to change the Debtor against which a Claim has been scheduled, then the affected claimant shall have thirty (30) days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation (an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such stock; provided, however, that Interest Holders who wish to assert a Claim against any of the Debtors based on transactions in the Debtors' securities including but not limited to Claims for damages or recision based on the purchase or sale, of the Interests, must file a proof of claim on or prior to the General Bar Date.

Any of the lenders (the "Prepetition Secured Lenders") signatory to an Amended and Restated Credit Agreement dated as of December 11, 1998 between certain of the Debtors and the Prepetition Secured Lenders entity on whose behalf the Agent for the Debtors' Pre-Petition Secured Lenders has filed a proof of claim in connection with the Debtors' pre-petition credit facility need not file a proof of claim for Claims in connection with the Debtors' prepetition credit facility.

The Indenture Trustee for (i) the 11½% Notes issued by Polaroid due 2006 (the "11½% Notes"), (ii) the 7¼% Notes issued by Polaroid due 2007 (the "7¼% Notes"), and (iii) the 6⅝% Notes issued by Polaroid due 2002 (the "6⅝% Notes" and with the 11½% Notes and 7¼% Notes, collectively, the "Bonds") shall file a proof of claim on behalf of the holders of the Bonds for all of the principal and interest due under the Bonds and all other amounts payable under the indentures, pursuant to which the Bonds were issued. Holders of the Bonds need not file a proof of claim for Claims for any such amounts.

The Bar Date Order further provides that the following Entities need not file a proof of claim by the General Bar Date: (1) Claims listed in the Schedules or any amendments thereto that are not therein listed as contin-

4

gent, unliquidated or disputed _and_ that are not disputed by the holders
thereof as to amount, the Debtor against whom the Claim is scheduled or clas-
sification of such Claim; (2) Claims on account of which a proof of claim has
already been properly filed with the Court against the correct Debtor;
(3) Claims previously allowed or paid pursuant to an order of the Court;
(4) Claims allowable under 11 U.S.C. § 507(a)(1) as expenses of adminis-
tration; (5) Claims of Debtors against other Debtors; (6) claims of current
officers or directors of a Debtor for indemnification and/or contribution
arising as a result of such officer's or director's post-petition service to a
Debtor; and (7) claims held by any current employee of a Debtor for unpaid
wages, salaries, commissions, severance or benefits.

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS

Any Entity asserting Claims against more than one Debtor must file
a _separate_ proof of claim with respect to each such Debtor. All Entities must
identify on their proof of claim the particular Debtor against which their
Claim is asserted and the case number of that Debtor's bankruptcy case.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but fails to
do so in a timely manner, will be forever barred, estopped and enjoined from:
(1) asserting any Claim against any of the Debtors that such Entity has that
(a) is in an amount that exceeds the amount, if any, that is set forth in the
Schedules as undisputed, noncontingent and liquidated or (b) is of a different
nature or in a different classification or against a different Debtor (any
such Claim being referred to as an "Unscheduled Claim"); and (2) voting upon,
or receiving distributions under, any plan or plans of reorganization in these
chapter 11 cases in respect of an Unscheduled Claim. If it is unclear from
the Schedules whether your Claim is disputed, contingent or unliquidated as to
amount or is otherwise properly listed and classified, you must file a proof
of claim on or before the General Bar Date. Any Entity that relies on the
Schedules bears responsibility for determining that its Claim is accurately
listed therein.

### RESERVATION OF RIGHTS

The Debtors reserve the right to: (1) dispute, or to assert
offsets or defenses against, any filed Claim or any Claim listed or reflected
in the Schedules as to nature, amount, liability, classification, Debtor or
otherwise; or (2) subsequently designate any Claim as disputed, contingent or
unliquidated. Nothing set forth in this Notice shall preclude the Debtors
from objecting to any Claim, whether scheduled or filed, on any grounds.

### TIME AND PLACE FOR FILING PROOFS OF CLAIM

A signed original of any proof of claim, substantially in the form
annexed hereto, together with accompanying documentation, must be delivered so
as to be _received_ no later than 5:00 p.m., Eastern time, on the General Bar
Date, the Rejection Bar Date or the Amended Schedule Bar Date, as applicable,
depending upon the nature of the Claim, at either of the following addresses:

If delivered by mail:

        Donlin, Recano & Company, Inc.
        As Agent for the United States Bankruptcy Court
            Re: Polaroid Corporation, <u>et</u> <u>al</u>.
        P.O. Box 2018, Murray Hill Station
        New York, New York 10156

If delivered by hand delivery or overnight courier:

        Donlin, Recano & Company, Inc.
        As Agent for the United States Bankruptcy Court
            Re: Polaroid Corporation, <u>et</u> <u>al</u>.
        419 Park Avenue South, Suite 1206
        New York, New York 10016

<u>Any proof of claim submitted by facsimile or other electronic means will not</u> <u>be accepted and will not be deemed filed until such proof of claim is submit-</u> <u>ted by the method described in the foregoing sentence</u>. Proofs of claim will be deemed filed only when actually received at either of the addresses listed above. If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

A creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); <u>provided</u>, <u>however</u>, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

**DEFINITION OF CLAIM**

For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**ADDITIONAL INFORMATION**

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing at the addresses listed below. The claims registers for the Debtors will be available at the office of Donlin, Recano & Company, Inc. and at the Bankruptcy Court.

Dated: Wilmington, Delaware
      March __, 2002

6

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

David S. Kurtz
Eric W. Kaup
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM (ILLINOIS)
333 West Wacker Drive
Chicago, Illinois  60606-1285
(312) 407-0700

Attorneys for Debtors and
    Debtors-in-Possession


SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

Gregg M. Galardi (I.D. No. 2991)
Mark L. Desgrosseilliers (I.D. No. 4083)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Debtors and
    Debtors-in-Possession

7



B

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

PROOF OF CLAIM

| Name of Debtor: | Case Number : | THIS SPACE FOR COURT USE ONLY |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor and Address: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
|---|---|

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends   a previously filed claim, dated |
|---|---|

**1. BASIS FOR CLAIM:**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)

☐ Wages, salaries, and compensation (Fill out below)
Your SS #

Unpaid compensation for services performed from: _____ to _____
(date)    (date)

**2. DATE DEBT WAS INCURRED:**

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:** _____
If all or part of your claim is secured or entitled to priority, also complete item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. SECURED CLAIM.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of Collateral:
☐ Real Estate
☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

**6. UNSECURED PRIORITY CLAIM.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -- 11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan -- 11 U.S.C. § 507(a)(4)
☐ Up to $2,100 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units -- 11 U.S.C. § 507(a)(8)
☐ Other -- specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.
**8. SUPPORTING DOCUMENTS.** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR
COURT USE ONLY

| DATE SIGNED: | SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

**DEBTOR**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**CREDITOR**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**PROOF OF CLAIM**
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed, or as otherwise indicated on the proof of claim form.

**SECURED CLAIM**
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*).

**UNSECURED CLAIM**
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**UNSECURED PRIORITY CLAIM**
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

---

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed, the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgment:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**7. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**8. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

278743.15-Wilmington S1A