Exhibit A

### Acquired Subsidiaries

| | |
|---|---|
| 1. | Nippon Polaroid Kabushiki Kaisha |
| 2. | Polaroid A.G. |
| 3. | Polaroid Aktiebolag |
| 4. | Polaroid A/S |
| 5. | Polaroid Australia Pty. Limited |
| 6. | Polaroid Canada Inc. |
| 7. | Polaroid de Mexico S.A. de C.V. |
| 8. | Polaroid Espana, S.A. |
| 9. | Polaroid Eyewear (U.K.) Limited |
| 10. | Polaroid Far East Limited |
| 11. | Polaroid Gesellschaft m.b.H. |
| 12. | Polaroid G.m.b.H. |
| 13. | Polaroid India Private Limited |
| 14. | Polaroid (Norge) A/S |
| 15. | Polaroid Oy |
| 16. | Polaroid Singapore Private Limited |
| 17. | PRD Services Limited |
| 18. | PRD Management Limited |
| 19. | PRD Overseas Limited |
| 20. | Polaroid International B.V. |
| 21. | Polaroid (U.K.) Limited |
| 22. | Polaroid Industry (China) Limited |
| 23. | Polaroid of Shanghai Limited |
| 24. | Polaroid de Argentina, S.A. |
| 25. | Polaroid del Peru S.A. |
| 26. | Polaroid de Venezuela, S.A. |
| 27. | Polaroid Eyewear A.G. |
| 28. | Polaroid Eyewear (France) EURL |
| 29. | Polaroid Eyewear (Nederland) B.V. |
| 30. | Polaroid Eyewear GmbH |
| 31. | Polaroid Eyewear (Sweden) AB |
| 32. | Polaroid Contracting CV |
| 33. | Polaroid do Brasil, Ltda. |
| 34. | Polaroid Leasing, Limited |
| 35. | Darfilm Sanayive Ticaret A.S. |
| 36. | Photographic Supplies s.r.o. |
| 37. | Polaroid (Europa) B.V. |
| 38. | Polaroid Hungary Kft. |
| 39. | Polaroid Polska Sp. zo.o. |
| 40. | Polaroid (Belgium) S.A. |
| 41. | Polaroid Eyewear (Italia) S.p.A. |

42.    Polaroid (Italia) S.p.A.
43.    Polaroid Trading B.V.
44.    Polaroid Commerce GmbH
45.    Polaroid (France) S.A.
46.    Polaroid Nederland B.V.
47.    Polaroid de Chile S.A.
48.    Polaroid Europe Sagl

**Exhibit B**

**[Sale Procedures Order]**

[see Tab 12]

**Exhibit C**

**[Approval Order]**

[see Tab 13]

**Exhibit D**

**[Disclosure Schedule]**

[see Disclosure Schedule Volume]

Exhibit E

**[Deposit Escrow Agreement]**

[see Tab 14]

**Exhibit F**

**[Bill of Sale]**

[see Tabs 16 - 21]

**Exhibit G**

**[Assignment and Assumption of Contracts]**

[see Tabs 28 - 33]

**Exhibit H**

**[Assumption of Liabilities]**

[see Tabs 22 - 27]

**Exhibit I**

**[Assignment and Assumption of Lease]**

[see Tab 34]

Exhibit J

**[Assignment of Copyrights]**

[see Tab 45]

Exhibit K

**[Assignment of Patents]**

[see Tab 44]

**Exhibit L-1**

**[Assignment of Trademarks]**

[see Tab 46]

Exhibit L-2

[Assignment of Trademarks]

[see Tab 47]

Exhibit L-3

**[Assignment of Trademark Applications]**

[see Tab 48]

**Exhibit M**

**Polaroid Corporation**

**Bidding Procedures**

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the transactions (collectively, the "Transactions") contemplated by the asset purchase agreement (the "Agreement")[1] by and among OEP Imaging Corporation, a Delaware corporation (the "Proposed Purchaser"), Polaroid Corporation, a Delaware corporation and its Subsidiaries (as herein defined) listed on the signature pages of the Agreement (collectively, the "Sellers") concerning the prospective sale (the "Sale") of substantially all of the Acquired Assets (defined below). The Sellers will seek entry of an order from the Bankruptcy Court authorizing and approving the Sale to a Qualified Bidder (as hereinafter defined) which the Sellers, upon consultation with counsel to the official committee of unsecured creditors (the "Committee"), counsel for the Agent for the prepetition secured lenders (the "Prepetition Lenders") and counsel for the Agent for the postpetition secured lenders (the "Postpetition Lenders," and together with the Prepetition Lenders, the "Lenders") may determine to have made the highest or otherwise best offer (the "Successful Bidder"). These Bidding Procedures shall not be subject to change without the consent of the Proposed Purchaser and (i) approval of the Bankruptcy Court or (ii) absent such approval, agreement among the Sellers, the Committee, and the Agent for the Lenders.

**Assets to be Sold**

The Sellers are offering for sale substantially all of the assets of the Sellers and certain of their subsidiaries, as more fully described in the Agreement (the "Acquired Assets"). Except as otherwise provided in the Agreement, all of the Sellers' right, title and interest in and to the Acquired Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon and there against (collectively, the "Interests") in accordance with Section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the sale of the Acquired Assets.

**The Bidding Process**

The Sellers, in consultation with counsel to the Committee and the Agent for the Lenders, shall (i) determine whether any person is a Qualified Bidder, (ii) coordinate the efforts of Qualified Bidders in conducting their due diligence investigations, (iii) receive offers from Qualified Bidders, and (iv) negotiate any offers made to purchase the Acquired Assets (collectively, the "Bidding Process"). Any person who wishes to participate in the Bidding Process must be a Qualified Bidder. Neither the Sellers nor their representatives shall be obligated to furnish any information of any kind whatsoever to any person who is not determined to be a Qualified Bidder other than the Committee and the Agent for the Lenders, both of which shall be given all relevant information pertaining to the Sale. For purposes of submitting a bid,

---

[1]. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

the Committee shall be deemed a Qualified Bidder with respect to the Bidding Procedures and the Auction.

## Participation Requirements

In order to participate in the Bidding Process each person (a "Potential Bidder"), other than the Proposed Purchaser or the Committee, must deliver (unless previously delivered) to the Sellers:

(i)    An executed confidentiality agreement in form and substance satisfactory to the Sellers; and

(ii)   Current audited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Acquired Assets, current audited financial statements of the equity holder(s) of the Potential Bidder, or such other form of financial disclosure acceptable to the Sellers and their advisors, the Committee and the Agent for the Lenders demonstrating such Potential Bidder's ability to close a proposed transaction.

A Qualified Bidder is a Potential Bidder that timely delivers the documents described in subparagraphs (i) and (ii), whose financial information demonstrates the financial capability of the Potential Bidder to consummate the Sale, and that the Sellers, in consultation with counsel to the Committee and the Agent for the Lenders, determines is reasonably likely (based on availability of financing, experience and other considerations) to submit a bona fide offer and to be able to consummate the Sale if selected as the Successful Bidder.

Within two business days after a Potential Bidder delivers all of the materials required by subparagraphs (i) and (ii) above, the Sellers, in consultation with counsel to the Committee and the Agent for the Lenders, shall determine, and shall notify the Potential Bidder, if such Potential Bidder is a Qualified Bidder.

## Due Diligence

The Sellers may afford any Qualified Bidder the opportunity to conduct a due diligence review. The Sellers will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. The Sellers shall not be obligated to furnish any due diligence information after the Bid Deadline (as hereinafter defined). Neither the Sellers nor any of their respective representatives are obligated to furnish any information to any person. Bidders are advised to exercise their own discretion before relying on any information provided by anyone other than the Sellers or their representatives.

Each bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Acquired Assets prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Acquired Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether

express, implied, by operation of law or otherwise, regarding the Acquired Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures or, as to the Successful Bidders, the Agreement.

### Bid Deadline

A Qualified Bidder who desires to make a bid shall deliver a written and electronic copy of its bid to (1) Gregg M. Galardi, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, Delaware 19801; and (2) Kenneth Tuchman, Dresdner Kleinwort Wasserstein, Inc. ("Wasserstein"), 1301 Avenue of the Americas, 43rd Floor, New York, NY 10019, not later than 4:00 p.m. (prevailing Eastern time) on June 25, 2002 (the "Bid Deadline"). Wasserstein shall then distribute copies of the bids to (i) counsel for the Agent for the Lenders, (ii) counsel for the Committee, (iii) counsel for the Proposed Purchaser and (iv) counsel to all other Qualified Bidders submitting Qualified Bids. The Sellers shall announce the terms of the highest and best Qualified Bid received by the Bid Deadline, after consultation with the Agent for the Lenders, and the Committee, by 9:00 a.m. (prevailing Eastern time) on June 26, 2002.

### Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

- A letter stating that the bidder's offer is irrevocable until the later of (x) 2 business days after the Acquired Assets have been disposed of pursuant to these Bidding Procedures, and (y) 30 days after the Sale Hearing.

- An executed copy of the Agreement marked to show those amendments and modifications to such agreement that the Qualified Bidder proposes, including the Consideration (as defined in the Agreement) or, in the case of the Committee, a plan of reorganization.

- A good faith deposit (the "Good Faith Deposit") in the form of a certified check (or other form acceptable to the Sellers in their sole discretion) payable to the order of the Sellers (or such other party as the Sellers may determine) in an amount equal to ten million dollars ($10,000,000).

- Written evidence of a commitment for financing or other evidence of ability to consummate the proposed transaction satisfactory to the Sellers and its advisors.

- A statement by each Qualified Bidder as to whether such Bidder intends to assume any liabilities associated with any defined benefit plan sponsored by the Sellers.

- A statement by each Qualified Bidder identifying which unexpired leases or executory contracts of the Sellers such Bidder intends to assume as the designated Assumed Contracts in connection with the Transactions.

- A statement by each Qualified Bidder indicating whether such Qualified Bidder would agree to sponsor a certain Medicare supplement health insurance implemented by Polaroid Corporation in October 2001, underwritten by Hartford Life Insurance Company, and administered by Americana Financial Group.

A bid will be considered only if the bid (i) is on terms and conditions (other than the amount of the consideration and the particular liabilities being assumed) that are substantially similar to, and are not materially more burdensome or conditional than, those contained in the Agreement, (ii) is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder, (iii) offers consideration of a value at least $6,000,000 in excess of the Consideration proposed by the Proposed Purchaser in the Agreement, (iv) is not conditioned upon the Bankruptcy Court's approval of any bid protections, such as a break-up fee, termination fee, expense reimbursement, or similar type of payment; (v) acknowledges and represents that the bidder (X) has had an opportunity to conduct any and all due diligence regarding the Acquired Assets prior to making its offer, (Y) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Acquired Assets in making its bid, and (Z) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Acquired Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures, and (vi) is received by the Bid Deadline. A bid received from a Qualified Bidder will constitute a "Qualified Bid" only if it includes all of the Required Bid Documents and meets all of the above requirements. Notwithstanding the foregoing, the Proposed Purchaser shall be deemed a Qualified Bidder, and the Agreement shall be deemed a Qualified Bid, for all purposes in connection with the bidding process, the Auction, and the Sale.

### Bid Protection

Recognizing the Proposed Purchaser's expenditure of time, energy, and resources, the Sellers have agreed to provide certain bidding protections to the Proposed Purchaser. Specifically, the Sellers have determined that the Agreement will further the goals of the Bidding Procedures by setting a floor for which all other Potential Bids must exceed and, therefore, is entitled to be selected as a "Stalking Horse Bid." As a result, the Sellers have agreed that if the Proposed Purchaser is not the Successful Bidder, they shall, in certain circumstances, pay to the Proposed Purchaser a break-up fee equal to $5,000,000 (the "Termination Payment"). In the event the Agreement is terminated pursuant to certain provisions thereof, then the Sellers shall be obligated to pay the Proposed Purchaser's reasonable fees and expenses (including, without limitation, reasonable attorneys' fees, expenses of its financial advisors, and expenses of other consultants) incurred in connection with the Transactions contemplated by the Agreement (the "Expense Reimbursement"). The payment of the Termination Payment or the Expense Reimbursement (as applicable) shall be governed by the provisions of the Agreement and the Order of the Bankruptcy Court approving the Bidding Procedures.

## Auction

After all Qualified Bids have been received, the Sellers shall conduct an auction (the "Auction") with respect to the Acquired Assets. Prior to the Auction, the Sellers will give the Proposed Purchaser and all other Qualified Bidders a copy of what they believe to be the highest and best Qualified Bid received. The Proposed Purchaser and other parties-in-interest may seek review by the Bankruptcy Court of the determination by the Sellers whether a bidder is a Qualified Bidder.

The Auction shall commence at 9:00 a.m. (prevailing Eastern time) on June 26, 2002, at the New York offices of Skadden, Arps, Slate, Meagher & Flom LLP, or such later time or other place as agreed by the Proposed Purchaser and the Sellers, after consultation with counsel to the Committee and the Agent for the Lenders, and which the Sellers shall notify all Qualified Bidders who have submitted Qualified Bids. Only a Qualified Bidder who has submitted a Qualified Bid as determined by the Sellers after consultation with the Committee and the Agent for the Lenders or as determined by the Court after a disagreement between the Sellers and the Committee or the Agent for the Lenders is eligible to participate at the Auction. During the Auction, bidding shall begin initially with the highest Qualified Bid (taking into account the Termination Payment) and subsequently continue in minimum increments of at least $1,000,000 higher than the previous bid.

Upon conclusion of the Auction, the Sellers, in consultation with (a) their financial and business advisors and (b) representatives of the Agent for the Lenders and the Committee, shall (i) review each Qualified Bid or Bids on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Sale, and (ii) identify the highest and otherwise best offer for the Acquired Assets (the "Successful Bid"), which highest and best offer will provide the largest amount of net value to the Sellers after payment of, among other things, the Termination Payment, if necessary.

## Acceptance of Qualified Bids

The Sellers shall sell the Acquired Assets for the highest or otherwise best Qualified Bid received at the Auction upon the approval of such Qualified Bid by the Bankruptcy Court after the hearing (the "Sale Hearing"). If, after an Auction in which the Proposed Purchaser (i) shall have bid an amount in excess of the consideration presently provided for in the Agreement with respect to the Transactions and (ii) is the Successful Bidder, it shall, at the Closing under the Agreement, pay, in full satisfaction of the Successful Bid, an amount equal to (a) the amount of the Successful Bid less (b) the $5,000,000 Termination Payment.

The Sellers' presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Sellers' acceptance of the bid. The Sellers will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing. The Proposed Purchaser and other parties-in-interest may seek review by the Bankruptcy Court of the determination by the Sellers of the highest and best Qualified Bid or whether a bidder is a Qualified Bidder.

## Sale Hearing

The Sale Hearing will be held before the Honorable Peter J. Walsh on June 28, 2002 at 9:00 a.m. (prevailing Eastern time) at the United States Bankruptcy Court for the District of Delaware, located in Wilmington, Delaware, but may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing. At the Sale Hearing, the Sellers shall seek entry of an order, inter alia, authorizing and approving the Sale (i) if no other Qualified Bid is received, to the Proposed Purchaser pursuant to the terms and conditions set forth in the Agreement or (ii) if a Qualified Bidder other than the Proposed Purchaser submits the Successful Bid, to the maker of such Successful Bid.

Following the Sale Hearing approving the sale of the Acquired Assets to the Successful Bidder, if such Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the next highest or otherwise best Qualified Bid, as disclosed at the Sale Hearing, shall be deemed to be the Successful Bid and the Sellers shall be authorized, but not required, to consummate the sale with the Qualified Bidder submitting such bid without further order of the Bankruptcy Court.

## Return of Good Faith Deposit

Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) shall be held in an interest-bearing escrow account until two (2) days following the Auction. If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Sellers will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and such Good Faith Deposit shall irrevocably become property of the Sellers. The treatment of the Deposit Amount provided by the Proposed Purchaser under the Agreement shall be governed by the provisions of the Agreement.

## Modifications

The Sellers, after consultation with the Agents for the Lenders and the Committee, (a) may determine, which Qualified Bid, if any, is the highest or otherwise best offer, and (b) shall reject at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any bid (other than the Proposed Purchaser's bid) that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Sellers, their estates, and creditors. At or before the Sale Hearing, the Sellers, after consultation with the Agent for the Lenders and the Committee, may impose such other terms and conditions on Qualified Bidders (other than the Proposed Purchaser) as it may determine to be in the best interests of the Sellers' estate, their creditors, and other parties-in-interest herein.

Exhibit N

**[Quitclaim Deeds]**

[see Tabs 35 - 38]

Exhibit O

**[Foreign Investment in Real Property Tax Act Certification and Affidavit]**

[see Tab 148]

**Exhibit P**

[Projected Balance Sheet]