UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SALLY FERRARI, ELAINE JOHNSON, JOHN MAGENHEIMER, ELIZABETH WILLIAMS, and DAVID MANISCALCO,<br><br>Plaintiffs,<br><br>v.<br><br>POLAROID CORPORATION and NEAL GOLDMAN,<br><br>Defendants. | CIVIL ACTION NO. 03-11275 (MLW) |

**AMENDED ANSWER AND COUNTERCLAIM
OF DEFENDANT NEAL GOLDMAN**

Defendant Neal Goldman ("Goldman") answers the Amended Complaint in this action through counsel as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Goldman answers the numbered paragraphs of the Amended Complaint as follows:

1.  Responding to the allegations of Paragraph 1 of the Amended Complaint, Goldman admits that the first and last sentences purport to summarize the nature of this action, and denies the remaining allegations of this paragraph.

2.  The allegations of Paragraph 2 of the Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 2 contains factual allegations,

Goldman lacks knowledge and information sufficient to form a belief about the truth of these allegations, and on that basis denies them.

3. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 3 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

4. The allegations of Paragraph 4 of the Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 4 contains factual allegations, Goldman lacks sufficient knowledge and information sufficient to form a belief about the truth of these allegations, and on that basis denies them.

5. The allegations of Paragraph 5 of the Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 5 contains factual allegations, Goldman lacks knowledge and information sufficient to form a belief about the truth of these allegations, and on that basis denies them.

6. The allegations of Paragraph 6 of the Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 6 contains factual allegations, Goldman lacks knowledge and information sufficient to form a belief about the truth of these allegations, and on that basis denies them.

7. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 7 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

8. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 8 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

9. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 9 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

10. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 10 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

11. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 11 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

12. Goldman admits the allegations of Paragraph 12 of the Amended Complaint.

13. Responding to the allegations of Paragraph 13 of the Amended Complaint, Goldman admits that he is a resident of the Commonwealth of Massachusetts. Further responding, Goldman admits that he held various positions with Polaroid Corporation (the "Debtor") beginning in 1997 and continuing until the Debtor sold its business out of bankruptcy on or around July 31, 2002, but denies that Paragraph 13's description of those positions is accurate and complete. Goldman admits that he was subsequently employed by the operating company for OEPI Imaging Corporation ("OEPI"), which changed its name to Polaroid Corporation, until September 26, 2003. Goldman denies the remaining allegations of Paragraph 13.

14. The allegations of Paragraph 14 of the Amended Complaint set forth a conclusion of law which requires no response.

15. The allegations of Paragraph 15 set forth a conclusion of law which requires no response.

16. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

17. Responding to the allegations of Paragraph 17 of the Amended Complaint, Goldman admits that on or around July 31, 2002, pursuant to an order of the United States Bankruptcy Court for the District of Delaware, OEPI purchased substantially all of the assets of the Debtor. Goldman denies the remaining allegations of Paragraph 17.

18. Responding to the allegations of Paragraph 18 of the Amended Complaint, Goldman admits that the Debtor received 35 percent of the stock of OEPI, subject to distribution under a confirmed Chapter 11 plan of reorganization. See Second Amended and Restated Asset Purchase Agreement by and among OEP Imaging Corporation and Polaroid Corporation and the Polaroid Subsidiaries Identified Herein, dated as of July 3, 2002, §§ 1.01 (definition of "Sellers' Stock), 2.05(a), & 7.05 [hereinafter, as amended and restated, the "Purchase Agreement"]. Goldman denies the remaining allegations of Paragraph 18.

19. Responding to the allegations of Paragraph 19 of the Amended Complaint, Goldman admits that at some point after July 31, 2002, the operating company for OEPI changed its name to Polaroid Corporation, but lacks knowledge and information sufficient to form a belief about the date of the name change.

20. Responding to the allegations of Paragraph 20 of the Amended Complaint, Goldman denies that the Debtor maintained only one employee benefit plans. The remaining allegations of Paragraph 20 set forth a conclusion of law which requires no response.

21. The allegations of Paragraph 21 of the Amended Complaint set forth a conclusion of law which requires no response.

22.	Responding to the allegations of Paragraph 22 of the Amended Complaint, Goldman admits that in or around July 2001, he was appointed to a committee which served as plan administrator for the Debtor's employee benefits plans. Goldman denies that Paragraph 22's characterization of the decisionmaking process for such plans is accurate or complete. The remaining allegations of Paragraph 22 set forth a conclusion of law about Goldman's status as a fiduciary which requires no response.

23.	Responding to the allegations of Paragraph 23 of the Amended Complaint, Goldman admits that he currently owns stock in Polaroid Corporation, but denies that he received or was promised any such stock when he accepted and assumed employment with OEPI. The allegation about Goldman acting as a fiduciary sets forth a conclusion of law which requires no response.

24.	Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 24 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

25.	Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 25 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

26.	Responding to the allegations of Paragraph 26 of the Amended Complaint, Goldman admits that employees of the Debtor historically received material at the time of hiring and thereafter which described their benefits, but lacks knowledge and information sufficient to form a belief about the content of any such material at particular times before July, 2001.

27.	Responding to the allegations of Paragraph 27 of the Amended Complaint, Goldman admits that employees generally contributed via payroll deductions to the periodic

premium payments for their medical, dental, and life insurance coverage. Goldman lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 27, and on that basis denies these allegations.

28.     Responding to the allegations of Paragraph 28 of the Amended Complaint, Goldman admits that the Debtor generally paid the medical, dental, and life insurance premiums for individuals on long-term disability. Goldman lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 28, and on that basis denies these allegations.

29.     Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 29 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

30.     Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 30 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

31.     Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 31 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

32.     Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 32 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

33.     Responding to the allegations of Paragraph 33 of the Amended Complaint, Goldman admits that the Debtor procured insurance to finance long-term disability payments,

and that the individuals thus insured continued to receive such payments after their termination by the Debtor.  Goldman denies the remaining allegations of Paragraph 33.

34. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 34 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

35. The allegations of Paragraph 35 of the Amended Complaint set forth a conclusion of law which requires no response.  To the extent that Paragraph 35 contains factual allegations, Goldman lacks knowledge and information sufficient to form a belief about the truth of these allegations, and on that basis denies them.

36. Responding to the allegations of Paragraph 36 of the Amended Complaint, Goldman admits that individuals receiving long-term disability benefits were not hired by OEPI, and that the Debtor sent such individuals a letter dated July 2, 2002.  The letter is in writing and speaks for itself.  Goldman denies the remaining allegations of Paragraph 36.

37. Responding to the allegations of Paragraph 37 of the Amended Complaint, Goldman admits that by letter dated July 2, 2002, the Debtor terminated individuals who were not being hired by OEPI, and that on or around July 31, 2002, the Debtor ceased paying of group medical, dental, and life insurance premiums for those individuals.  Goldman denies the remaining allegations of Paragraph 37.

38. Responding to the allegations of Paragraph 38 of the Amended Complaint, Goldman admits that OEPI hired employees of the Debtor who were not receiving long-term disability payments and denies the remaining allegations of Paragraph 38.

39. Goldman denies the allegations of Paragraph 39 of the Amended Complaint.

40. The allegations of Paragraph 40 of the Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 40 contains any factual allegations, Goldman denies them.

41. The allegations of Paragraph 41 of the Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 41 contains any factual allegations, Goldman denies them.

42. The allegations of Paragraph 42 of the Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 42 contains any factual allegations, Goldman denies them.

43. The allegations of Paragraph 43 of the Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 43 contains any factual allegations, Goldman denies them.

44. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 44 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

45. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 45 of the Amended Complaint, and on that basis denies the allegations of this paragraph.

46-49. The allegations of Paragraphs 46-49 of the Amended Complaint are not directed against Goldman. To the extent that any response is required, Goldman denies the allegations of these paragraphs.

50-54. The allegations of Paragraphs 50-54 of the Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraphs 50-54 contain factual allegations, Goldman denies them.

55. Paragraph 55 of the Amended Complaint contains no factual allegations. To the extent any response is required to this paragraph, Goldman reserves the right to move to strike Plaintiffs' demand for trial by jury, on the grounds that no jury is available for breach of fiduciary duty claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

### THIRD DEFENSE

Any alleged harm to Plaintiffs resulted from actions undertaken by the Debtor in its "settlor" capacity for which Goldman had no fiduciary responsibility, including but not limited to the sale of the Debtor's business out of bankruptcy, the concomitant termination of those individuals not hired by OEPI, and the termination of the Debtor's long-term disability, medical, dental, and life insurance plans themselves.

### FOURTH DEFENSE

Goldman had no authority or discretion as a fiduciary to ensure the financing of any employee benefit plan at issue, either before or after the Debtor declared bankruptcy.

### FIFTH DEFENSE

Plaintiffs had no right to "vested" benefits under what were employee welfare benefit plans within the meaning of 29 U.S.C. § 1002(1).

### SIXTH DEFENSE

If the Debtor undertook any contractual obligation via the letters alleged in Paragraphs 30-32 of the Amended Complaint, which Goldman denies, the Debtor did so before Goldman

9

became a plan administrator and he can in no event be held personally responsible as a fiduciary for any such contractual obligation of the Debtor.

### SEVENTH DEFENSE

The quoted sentence allegedly contained in such letters served to notify Plaintiffs that payroll deductions would cease for medical, dental, and life insurance premiums while Plaintiffs remained on long-term disability, and did not rise to the level of a promise of benefits at no cost under any and all circumstances.

### EIGHTH DEFENSE

The purported claim against Goldman is barred under principles of claim and issue preclusion by the confirmation of a plan of reorganization in the Debtor's pending bankruptcy proceeding in the United States Bankruptcy Court for the District of Delaware, Docket No. 01-10864 (PJW)(the "Bankruptcy Proceeding").

### NINTH DEFENSE

The forms of relief sought by Plaintiffs are unavailable from Goldman individually.

### TENTH DEFENSE

Plaintiffs must prosecute their purported claim against Goldman in the Bankruptcy Proceeding.

### ELEVENTH DEFENSE

Any relief against Goldman is limited to what Plaintiffs might have obtained by prosecuting a claim against the Debtor, along with other creditors in the Bankruptcy Proceeding.

### TWELFTH DEFENSE

Plaintiffs have waived any rights they might have had against Goldman.

**THIRTEENTH DEFENSE**

Plaintiffs have failed to mitigate their damages.

**COUNTERCLAIM FOR DECLARATORY RELIEF**

Goldman, as and for his counterclaim seeking declaratory relief, alleges through counsel as follows:

1. In this action, Plaintiffs claim that Goldman had a fiduciary obligation to ensure that the Debtor financed medical, dental, and life insurance at no cost to them for so long as they remain disabled. During the summer of 2002, the Debtor sold its business out of bankruptcy, terminated those individuals whom the buyer did not hire, and terminated the employee welfare benefit plans themselves. The Debtor took these actions in its "settlor" capacity. As an individual plan administrator, Goldman had no fiduciary responsibility for this chain of events. He lacked authority and discretion as a fiduciary to ensure the continued financing of any of the Debtors' employee welfare benefit plans. Plaintiffs' claim against Goldman further hinges on letters which they allegedly received from the Debtor before Goldman became a plan administrator. For multiple reasons, the alleged letters created no rights as to which Goldman had any fiduciary responsibility.

2. Goldman is a resident of Massachusetts. From 1997 through the sale of the Debtor's business to OEPI, he was an employee of the Debtor and held various executive, legal, and administrative positions.

3. Sally Ferrari, Elaine Johnson, John Magenheimer, Elizabeth Williams, and David Maniscalco are the plaintiffs in this action. Upon information and belief, they have been receiving, and continue to receive, long-term disability payments under insurance procured by

11

the Debtor. They claim, however, that their medical, dental, and life insurance benefits were wrongfully discontinued as alleged in the Amended Complaint.

4. This Court has subject matter jurisdiction over Goldman's counterclaim under 28 U.S.C. § 1331, in that Plaintiffs/Counterclaim-Defendants have purported to claim a breach of fiduciary duty by Goldman under ERISA.

5. Venue is proper under 28 U.S.C. § 1391(b) and 29 U.S.C. § 1332(e)(2), in that, upon information and belief, Plaintiffs/Counterclaim-Defendants reside in this judicial district.

6. In or around July 2001, Goldman was appointed, along with others, to a committee which served as plan administrator of the Debtor's employee benefit plans.

7. Among other employee benefit plans, the Debtor maintained long-term disability, medical, dental, and life insurance plans.

8. Each of these plans was an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1).

9. Goldman is informed and believes, and upon that basis alleges, that these plans were in writing at all relevant times, and that the respective plan documents contained provisions addressing eligibility for benefits, financing, the powers and duties of plan administrators, and plan termination.

10. The Debtor procured insurance to cover long-term disability payments in lieu of salary.

11. The Debtor also paid periodic medical, dental, and life insurance premiums for those who had sustained long-term disabilities.

12. On or around October 12, 2001, the Debtor commenced the Bankruptcy Proceeding.

13. By April 18, 2002, an agreement was reached to sell substantially all of the Debtor's assets to OEPI.

14. Section 6.08 of the Purchase Agreement required OEPI to provide a list of employees of the Debtor to whom OEPI intended to offer employment commencing on the closing date.

15. OEPI provided such a list to the Debtor, which did not include individuals who were receiving long-term disability payments.

16. On or around July 2, 2002, the Debtor sent letters to those on long-term disability which stated in part:

> In anticipation of the upcoming sale by Polaroid Corporation of substantially all of the Company's assets, it is important that you be advised of the impact to your health and welfare benefits.
>
> *  *  *  *
>
> Under the Asset Purchase Agreement, employees on long-term disability will not be hired by One Equity Partners. Consequently, as of the date of the closing expected in late July, 2002, you will be terminated from Polaroid Corporation, and your group medical, dental and life insurance benefits will end. However, your long-term disability benefits are insured benefits and should continue for as long as you remain LTD eligible.

17. The Bankruptcy Court approved the sale of "substantially all of the Debtor's assets," finding and determining that the "Purchase Agreement was negotiated, proposed, and entered into by the Debtor and the Purchaser without collusion, in good faith, and from arms-length bargaining positions."

18. On or around July 31, 2002, the sale to OEPI closed.

19. As stated in its July 2, 2002 letter, the Debtor terminated those receiving long-term disability payments who were not hired by OEPI, and their medical, dental, and life insurance benefits were discontinued as a result.

20. The respective plan documents provided for the discontinuance of benefits in case of any such termination from the Debtor.

21. Attached as Exhibit A is a copy of the minutes for an August 15, 2002 meeting of the Board of Directors of Primary PDC, Inc. (the new name of the Debtor).

22. At this August 15, 2002 meeting, the board unanimously adopted resolutions terminating the Debtor's long-term disability, medical, dental, life insurance and certain other benefit plans, effective that day.

23. On or around November 18, 2002, the Bankruptcy Court confirmed a plan of reorganization for the Debtor (the "Plan").

24. Notwithstanding the purported claim against him, Goldman contends that he has no liability to Plaintiffs on the following grounds:

(a) Any alleged harm to Plaintiffs resulted from actions undertaken by the Debtor in its "settlor" capacity for which Goldman had no fiduciary responsibility;

(b) Goldman had no authority or discretion as a fiduciary to ensure the financing of any employee welfare benefit plan, either before or after the Debtor declared bankruptcy;

(c) Plaintiffs had no right to "vested" benefits under any of the welfare plans at issue;

(d) If the Debtor undertook any contractual obligation via the letters alleged in Paragraphs 30-32 of the Amended Complaint, the Debtor did so before Goldman became a plan administrator and he can in no event be held personally responsible as a fiduciary for any such contractual obligation;

(e) The quoted sentence allegedly contained in such letters served to notify Plaintiffs that payroll deductions would cease for medical, dental, and life insurance premiums while Plaintiffs remained on long-term disability, and did not rise to the level of a promise of benefits at no cost under any and all circumstances;

(f) The purported claim against Goldman is barred under the doctrines of claim and issue preclusion by confirmation of the Plan in the Bankruptcy Proceeding; and

(g) The forms of relief sought by Plaintiffs are unavailable from Goldman individually.

25. An actual controversy exists between Plaintiffs and Goldman, which a declaration by this Court would resolve.

Based upon the foregoing, Goldman requests that this Court: dismiss the Amended Complaint as against Goldman; enter a declaratory judgment that Goldman violated no fiduciary duty to Plaintiffs, or any of them; and award Goldman such other further or different relief as justice may require.

NEAL GOLDMAN

By his attorneys,

/s/ Michael R. Pontrelli
Michael R. Pontrelli (BBO # 549194)
Jeffrey M. Rosin, (BBO #629216)
 Epstein, Becker & Green, P.C.
 111 Huntington Avenue
 Boston, MA 02199
 (617) 342-4000

Dated: April 14, 2004