

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SALLY FERRARI; ELAINE JOHNSON;
JOHN MAGENHEIMER; ELIZABETH
WILLIAMS; AND DAVID A. MANISCALCO,

        Plaintiffs,

V.

POLAROID CORPORATION;
AND NEAL GOLDMAN,

        Defendants.

**Civil Action No.
03-11275-MLW**

## POLAROID CORPORATION'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO TRANSFER

FOR POLAROID CORPORATION:

| | |
|---|---|
| Jerome A. Hoffman | Richard D. Glovsky |
| Matthew Lee Wiener | Jeffrey J. Pyle |
| DECHERT LLP | PRINCE, LOBEL, GLOVSKY & TYE |
| 1717 Arch Street | 585 Commercial Street |
| Philadelphia, PA 19103 | Boston, MA 02109 |
| (215) 994-4000 | (617) 456-8000 |

OF COUNSEL:
J. Ian Downes
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103

Dated: June 25, 2004

890335.5.PHI_LIT_50 6/25/04 12:14 PM

I.  **INTRODUCTION**

In their opposition brief, the Plaintiffs have not challenged—indeed, they ignore—the principal reasons that New Polaroid has advanced as to why the Court should transfer this case to the District of Delaware (for referral to the Bankruptcy Court), among them that:

- All parties agree that a potentially dispositive issue is whether the Sale Order, over which the Bankruptcy Court has expressly retained jurisdiction, bars the Plaintiffs' ERISA § 510 claim (as it plainly does). This Court should allow the Bankruptcy Court to interpret its own order.

- If the Sale Order does not bar the Plaintiffs' claims, as the Plaintiffs wrongly contend, then two issues that the Bankruptcy Court should decide will predominate in this case: (a) whether New Polaroid, as a "free and clear" purchaser under the Bankruptcy Code, acted in a manner consistent with the Bankruptcy Court-approved purchase agreement and therefore did not unlawfully "conspire" to violate § 510 of ERISA as the Plaintiffs allege,[1] and (b) whether Old Polaroid, as a bankrupt debtor, properly terminated the benefit plans under which the Plaintiffs ground their § 510 claim.

*See* Memorandum of Law in Support of Polaroid Corporation's Motion to Transfer at 4, 13-15 ("Poloroid's Transfer Mem."); Plaintiffs' Memorandum of Law in Opposition to Defendant Polaroid's Corporation's Motion to Transfer ("Plaintiffs' Opp. Mem.").

Instead, the Plaintiffs have raised three primary arguments against transfer: first, that the Bankruptcy Court lacks jurisdiction to hear this case; second, that New Polaroid, having moved this Court to dismiss the amended complaint, has chosen to litigate the case in this District rather than before the Bankruptcy Court; and third, that transfer would result in two duplicative cases—

---

[1] As New Polaroid has established, ERISA does not even provide for a § 510 conspiracy cause of action. See Polaroid Corporation's Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Amended Complaint at 13-15 ("Polaroid's Dismissal Mem.").

one against New Polaroid before the Bankruptcy Court, the other against defendant Neal Goldman before this Court. None of these three arguments, however, is persuasive.[2]

## II.   ARGUMENT

### A.   The Bankruptcy Court Has Jurisdiction Over This Case.

The Plaintiffs argue that this Court should not grant New Polaroid's motion to transfer because the Bankruptcy Court does not have jurisdiction over this case. In so arguing, however, the Plaintiffs ignore the provision of the Sale Order under which the Bankruptcy Court expressly retained jurisdiction "over any matter or dispute arising from or relating to the implementation" of the Sale Order, "including . . . jurisdiction to interpret, implement, and enforce the provisions" of the order. Sale Order at 25 (¶ 27); see also id. (retaining jurisdiction also to "enforce and implement the terms and provisions of the [attached] Purchase Agreement"). Accord Haseotes v. Cumberland Farms, Inc., 216 B.R. 690, 694 (D. Mass. 1997) (rejecting argument that bankruptcy court lacked jurisdiction over a postconfirmation claim of breach of fiduciary duty because "the Bankruptcy Court clearly retained jurisdiction over those issues to carry out the purposes and intent of the Plan"); Frazier v. American Airlines, 2004 WL 115118, *2 (D. Del. Jan 16, 2004). As even Plaintiffs have admitted, this case involves (at the very least) a dispute regarding the proper scope of the Sale Order. See, e.g., Plaintiffs' Br. in Opp. to Polaroid's Mot. to Dismiss Am. Compl., at 15-16 ("this Court should carefully read Paragraph 23 of the Sale Order").

---

[2] The Plaintiffs also argue that litigating the case in the Bankruptcy Court would impose a hardship on them. See Plaintiffs' Opp. Mem. at 8-9. However, they offer no reason as to why this would be so. They have no relevant testimony to give. See Polaroid's Transfer Mem. at 16. According to the Plaintiffs, all of the key witnesses are "decision makers at Polaroid." Plaintiffs Opp. Mem. at 7.

-2-

Even had the Bankruptcy Court not expressly retained jurisdiction, though, it would plainly have jurisdiction over the case under First Circuit (and every other circuit's) law. Section 1334 of the Bankruptcy Code "sets up two main categories of bankruptcy cases over which the district court has jurisdiction: [1] 'cases under title 11, over which the district court has original and exclusive jurisdiction, 28 U.S.C. § 1334(a), and [2] 'proceedings arising under title 11, or arising in or related to cases under title 11, over which the district court has original, but not exclusive jurisdiction, 28 U.S.C. § 1334(b).' " In re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61, 66 (1st Cir. 2002). In Middlesex Power Equipment, the First Circuit held that a bankruptcy court has jurisdiction over any "dispute" that "involves" a "purchaser's interpretation of a sale order 'free and clear,' " which "can only be issued by a bankruptcy court." Id. at 68. The bankruptcy court's jurisdiction over such a case, the First Circuit held, either "arises in a case under title 11 or perhaps arises under title 11.' " Id. Accord In re Colarusso, 280 B.R. 548, 555 (Bankr. D. Mass. 2002).[3] Here, Middlesex Power Equipment is conclusive against the Plaintiffs, for nothing is more central to this case than the legal question of whether the Sale Order bars the Plaintiffs' ERISA claim against New Polaroid.

### B. New Polaroid Has Not Chosen to Litigate the Case Before This Court.

In their brief, the Plaintiffs contend that for "equitable reasons" New Polaroid "should not be allowed" to seek the transfer of this case because, having filed a motion to dismiss under Rule

---

[3] The First Circuit declined to decide whether such a case also "relates to" a case under title 11. In their brief, the Plaintiffs harp on that question, as well as the question whether this case involves a "core proceeding" over which the Bankruptcy Court has exclusive jurisdiction under 28 U.S.C. § 1334(a). See Plaintiffs' Opp. Mem. at 5-7. Both questions are irrelevant, however, since under Middlesex Power Equipment this case clearly either "arises in a case under title 11" or "under Title 11. In any event, Polaroid has established in a filing with the Bankruptcy Court why the Bankruptcy Court has both "relates to" and "core proceeding" jurisdiction. See Objection of Polaroid Corporation to Defendants' Amended

12(b)(6) of the Federal Rules of Civil Procedure, it has already "asked this Court to answer substantive questions regarding the plaintiffs' claims and thereby forced the plaintiffs the expense of responding to that motion." Plaintiffs' Opp. Mem. at 3.[4] New Polaroid had no choice, however, but to respond to the Plaintiffs' amended complaint. A defendant must, under Rule 12, either answer a complaint or file an appropriate motion under one of the rule's subsections. The filing of a motion to transfer alone does not satisfy the defendant's response obligations under Rule 12 and doing so would have exposed New Polaroid to a default judgment.

Moreover, nothing in the Federal Rules of Civil Procedure requires a defendant to file a motion to transfer at the same time that it files an answer or a Rule 12(b)(6) motion to dismiss. See, e.g., 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure: Juris. 2d, § 3844 (1986) ("Section 1404(a) sets no limit on the time at which a motion to transfer may be made. Such a motion is not an objection to improper venue, which, under Rule 12(b), would be required to be made before answer."). Accordingly, there is no question that New Polaroid's transfer motion—which was made pursuant to 28 U.S.C. § 1404, not Rule 12—is timely. This case has not advanced beyond the initial pleadings stage, and the Court has not issued any rulings.

---

Motion to Stay Adversary Proceeding in In re Primary PDC, Inc., Case No. 01-10863 (PJW) (Bankr. D. Del.) (attached hereto, without exhibits, as Exhibit A) ("Primary PDC").

[4] In summarizing the procedural history of this case, see Plaintiffs' Opp. Mem. at 1-3, the Plaintiffs have omitted this key fact: soon after the Plaintiffs filed their original complaint, New Polaroid filed an adversary proceeding in the Bankruptcy Court seeking a declaration that the Sale Order bars this suit. New Polaroid filed a similar proceeding in response to the Plaintiffs' amended complaint. See docket in Primary PDC. This belies the Plaintiffs' suggestion that New Polaroid has chosen to litigate the case before this Court instead of the Bankruptcy Court. See Plaintiffs' Opp. Mem. at 3.

The Plaintiffs' indignation is misplaced. It is against them, not New Polaroid, that the equities cut. Rather than filing a claim with the Bankruptcy Court and standing in line with Old Polaroid's other creditors to recover for the <u>alleged</u> unlawful termination of their Old Polaroid benefits, challenging the sale terms before the Bankruptcy Court (as, for instance, did a class of Old Polaroid retirees, with which Old Polaroid settled), or even later asking the Bankruptcy Court for relief from the Sale Order under Rule 60, the Plaintiffs have sought to circumvent the Bankruptcy Court (and with it the Bankruptcy Code's priority scheme) by filing this suit. See Polaroid's Transfer Mem. at 3-4; Polaroid's Reply Brief in Supp. of Mot. to Dismiss Amended Compl., at 4-8.

The issue of whether the Bankruptcy Court's own Sale Order precludes the Plaintiffs' ERISA claim is now pending for decision before the Bankruptcy Court. See New Polaroid's Motion for Judgment on the Pleadings filed in <u>Primary PDC</u> (attached hereto as Exhibit B). This Court should allow the Bankruptcy Court—which, as already established, has expressly retained jurisdiction to interpret and enforce its own Sale Order—to decide that issue.[5]

### C.  Transfer Will Not Result in Duplicative Litigation.

Lastly, the Plaintiffs point out that only New Polaroid has requested transfer; the other defendant, Neal Goldman, has not. The result of the Court granting New Polaroid's transfer

---

[5] See, e.g., Phoenix Am. Life Ins. Co. v. Devan, 2004 WL 825276, at *3 (D. Md. 2004) ("bankruptcy court is deemed to be in the best position to interpret its own orders"); Nat'l Shopmen Pension Fund v. Folger Adam Security, Inc., 274 B.R. 1, 3 (D.D.C. 2002) ( "the court concludes that the bankruptcy court itself can provide the best interpretation and enforcement of its own orders"); In re Mountain Laurel Resources Co., 258 B.R. 652, 658 (S.D. W. Va. 2001) ("Because a bankruptcy court was directly engaged in the earlier proceedings, it had a better vantage point to make a determination on its earlier order."); In re Zinchiak, 280 B.R. 117, 125 (Bankr. W.D. Pa. 2002) ("A bankruptcy court can provide the best interpretation of its own order."); In re U.S.H. Corp., 280 B.R. 330, 335 (Bankr. S.D.N.Y. 2002) ("it is well settled that 'the bankruptcy court is undoubtedly the best qualified to interpret and enforce its own order'") (quoting In re Texaco, Inc., 182 B.R. 937, 947 (Bankr. S.D.N.Y. 1995)).

motion, the Plaintiffs contend, is that they "will be forced to try their case against Polaroid in Delaware and their case against Goldman in Massachusetts." Plaintiffs' Opp. Mem. at 9. Contrary to Plaintiffs suggestion, however, New Polaroid is not asking the Court to transfer part of the case (were that even possible under 28 U.S.C. § 1404). It is asking the Court to transfer the entire case. Whether Neal Goldman has joined New Polaroid in asking for transfer does not matter. Nothing in the transfer statute, 28 U.S.C. § 1404, requires that all defendants request transfer. It does not even require that any defendants request transfer. A district court may <u>sua sponte</u> transfer a case under § 1404 if transfer is appropriate. <u>See</u> 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice & Procedure: Juris. 2d</u>, § 3844 (1986) (explaining that section 1404 "is broad enough that a judge can order transfer on his own initiative").[6]

What is more, Goldman has not objected to the transfer of this case. New Polaroid served a copy of its transfer motion on Goldman. <u>See</u> Polaroid's Transfer Mem., Certification of Service. Unlike the Plaintiffs, however, he has filed no opposition.

Finally, as a matter of equities, the inclusion of Goldman as a defendant in this case cuts in favor of granting New Polaroid's motion to transfer. The Plaintiffs' addition of Goldman as a defendant occurred only after the Plaintiffs were presented with New Polaroid's first motion to

---

[6] The Plaintiffs contend, without citation, that the Bankruptcy Court would have no jurisdiction over their claim against Goldman. This is clearly untrue. Like New Polaroid, Goldman has asserted that the Plaintiffs' claims are barred by an order (the order approving the debtors' plan of reorganization) of the Bankruptcy Court. <u>See</u> Answer and Counterclaim of Defendant Neal Goldman, Eighth Defense, at p. 10. Accordingly, for the same reasons that the Bankruptcy Court has jurisdiction over Plaintiffs' claims against New Polaroid, the claims against Goldman fall within the Bankruptcy Court's jurisdiction pursuant to 28 U.S.C. § 1334(b). <u>See</u> <u>In re Middlesex Power Equip.</u>, 292 F.3d at 68. Further, the Bankruptcy Court has jurisdiction over claims of breach of fiduciary duty relating to a bankruptcy proceeding. <u>See</u> <u>In re El San Juan Hotel Corp.</u>, 149 B.R. 263, 272 (D.P.R. 1992) (holding that bankruptcy court possessed jurisdiction over breach of fiduciary duty claim brought by a former employee of the debtor against the bankruptcy estate's attorney).

transfer and thus appears to have been a clearly calculated attempt to keep this case out of the Bankruptcy Court. Such manipulations should not be permitted to deprive New Polaroid of the right to litigate the claim against it in the appropriate forum.

### III. CONCLUSION

For the reasons stated above and in New Polaroid's opening brief, the Court should transfer this case to the United States District Court for the District of Delaware for referral to the Bankruptcy Court, which is already considering the merits of this case.[7]

Respectfully submitted,

| | |
|---|---|
| Jerome A. Hoffman<br>Matthew Lee Wiener<br>DECHERT LLP<br>1717 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000 | Richard D. Glovsky /JJP<br>Jeffrey J. Pyle<br>PRINCE, LOBEL, GLOVSKY & TYE LLP<br>585 Commercial Street<br>Boston, MA 02109<br>(617) 456-8000 |

Counsel for Polaroid Corporation

OF COUNSEL:
J. Ian Downes
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103

Dated: June 25, 2004

---

[7] One option short of transfer is to stay the proceedings in this case and allow the Bankruptcy Court to decide whether, as New Polaroid submits, the Sale Order is preclusive. This Court, of course, has the inherent authority to stay a case pending the resolution of another related case. See, e.g., Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n. 6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

## CERTIFICATE OF SERVICE

I certify that on June 25, 2004, the foregoing Polaroid Corporation's Reply Brief in Support of Its Motion to Transfer was served upon counsel of record for Plaintiff and Defendant Neal Goldman, via First Class Mail, addressed as follows:

>Harvey A. Schwartz, Esquire
>Rodgers, Powers & Schwartz, LLP
>18 Tremont Street, Suite 500
>Boston, Massachusetts 02108
>
>Michael R. Pontrelli, Esquire
>Epstein Becker & Green, PC
>111 Huntington Ave.
>26th Floor
>Boston, Massachusetts 02199

*Richard D. Glovsky* /JJP