FILED
IN CLERKS OFFICE

2004 OCT 22 P 4: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SALLY FERRARI, ELAINE JOHNSON
JAMES A. MAGENHEIMER, as executor of the
ESTATE OF JOHN MAGENHEIMER,
ELIZABETH WILLIAMS, and DAVID A.
MANISCALCO,

        Plaintiffs,

v.

POLAROID CORPORATION and
NEAL GOLDMAN,

        Defendants.

**Civil Action No. 03-11275-MLW**

---

## DEFENDANT POLAROID CORPORATION'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED MOTION
## TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL

Plaintiffs have demanded a jury trial in their Second Amended Complaint, which pleads claims only under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*[1] *See* Sec. Am. Compl. at 14. Because there is no right to a jury trial with respect to ERISA claims, Plaintiffs' demand for a jury trial should be stricken.

Every court within this District to have addressed the question has concluded that there is no jury trial right with respect to an ERISA claim. *See, e.g., Dudley Supermarket, Inc. v. Transamerica Life Ins. & Annuity Co.*, 188 F. Supp 2d. 23, 23 (D. Mass.) ("The clear weight of

---

[1] This demand did not appear in Plaintiffs' original Complaint. Plaintiffs asked for a jury trial for the first time in paragraph 55 of their Amended Complaint. Polaroid moved to strike that demand. *See* Defendant Polaroid Corporation's Motion to Strike Plaintiffs' Demand for a Jury Trial.

908294.1.PHI_LIT_50 10/22/04 3:20 PM

authority holds that no right to a jury trial attaches to ERISA actions."), *aff'd on other grounds*, 302 F.3d 1 (1st Cir. 2002); *Turner v. Fallon Comm. Health Plan, Inc.*, 953 F. Supp. 419, 421 (D. Mass. 1997) ("this United States District Court has consistently held that there is no right to a jury trial under ERISA") *aff'd on other grounds*, 127 F.3d 196 (1st Cir. 1997), *cert. denied*, 533 U.S. 1072 (1998); *see also Radford Trust v. First Unum Life Ins. Co. of Am.*, 321 F. Supp 2d. 226 (D. Mass. 2004) (suggesting that, if the ERISA claim went to trial, "neither party is likely to have a right to jury trial"). *See generally Turner*, 953 F. Supp. at 421 (explaining why there is no right to a jury trial in ERISA cases and citing cases from other circuits).

The First Circuit has indicated in dicta that it is of the same view. *See, e.g., Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 24 n.4 (1st Cir. 2003); *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44, 54 (1st Cir. 2000) (district court did not err in denying demand for a jury trial where state law claim was preempted and plaintiff's only remaining claim was under ERISA).

The Court should therefore strike Plaintiffs' demand for a jury trial.

Respectfully submitted,

| | |
|---|---|
| Jerome A. Hoffman<br>Matthew Lee Wiener<br>DECHERT LLP<br>4000 Bell Atlantic Tower<br>1717 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000 | /s/ Richard D. Glovsky (JJP)<br>Richard D. Glovsky<br>Jeffrey Pyle<br>PRINCE, LOBEL, GLOVSKY & TYE LLP<br>585 Commercial Street<br>Boston, MA 02109<br>(617) 456-8000 |

Counsel for Polaroid Corporation

Dated: October 22, 2004

908294.1.PHI_LIT_50 10/22/04 3:20 PM

## CERTIFICATION OF COUNSEL

I, Richard D. Glovksy, hereby certify that I have conferred with counsel for Plaintiffs in a good-faith attempt to resolve or narrow the issues presented in Polaroid Corporation's Motion to Strike Plaintiff's Jury Demand.

Richard D. Glovsky

## CERTIFICATE OF SERVICE

I certify that on October 22, 2004, the foregoing document was served upon Plaintiffs' counsel of record, via First Class Mail, addressed as follows:

> Harvey A. Schwartz
> Rodgers, Powers & Schwartz, LLP
> 18 Tremont Street, Suite 500
> Boston, Massachusetts 02108
>
> Michael R. Pontrelli, Esquire
> Epstein Becker & Green, PC
> 111 Huntington Ave.
> 26th Floor
> Boston, Massachusetts 02199

Richard D. Glovsky