UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SALLY FERRARI, ELAINE JOHNSON, JOHN MAGENHEIMER, ELIZABETH WILLIAMS, and DAVID A. MANISCALCO,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>POLAROID CORPORATION; AND NEIL GOLDMAN<br><br>　　　　Defendants. | CA. No. 03-11275-MLW |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT POLAROID CORPORATION'S MOTION TO TRANSFER**

The plaintiffs, Sally A. Ferrari, Elaine Johnson, John J. Magenheimer, Elizabeth Williams and David A. Maniscalco oppose defendant Polaroid Corporation's Motion to Transfer.

### I. Procedural Background

Defendant Polaroid Corporation has sought two bites of the apple, in two different courts, and now wishes to spit one out – at the Courts' and the plaintiffs' expense. The procedural history of this litigation tells the story:

- On July 7, 2003, the plaintiffs filed their original complaint, which included counts against Polaroid Corporation, among others.

1

- On October 3, 2003, Polaroid filed its Motion to Dismiss Plaintiffs' Complaint or, in the Alternative to Transfer. By this motion, Polaroid sought the same relief for which it currently prays – that the plaintiffs' case be transferred to the District of Delaware.

- On November 7, 2003, the plaintiffs filed their Amended Complaint, thereby dismissing some counts, dismissing three defendants, and adding one.

- On December 9, 2003, by stipulation, the parties agreed that the defendants' Motion to Dismiss, or in the Alternative to Transfer the Plaintiff's Complaint would be stricken so that Polaroid could respond to the Plaintiff's Amended Complaint.

- On January 7, 2004, Polaroid filed an Adversary Proceeding against the plaintiffs in the United States Bankruptcy Court in Delaware. By the adversary proceeding, Polaroid seeks a declaratory judgment that the plaintiffs' instant action before this Court is barred by a bankruptcy sale order.

- The next day, Polaroid filed its Motion to Dismiss Plaintiff's Amended Complaint. Notably, this Motion to Dismiss, currently pending in this Court, did <u>not</u> seek a transfer of the plaintiffs' case.

- On February 20, 2004, the plaintiffs filed their Opposition to Polaroid's Motion to Dismiss.

- On March 23, 2004 the plaintiffs' filed an Amended Motion to Stay the Adversary Proceeding in the Bankruptcy Court in Delaware pending a determination by this Court on the merits of the plaintiffs' complaint. *See Amended Motion to Stay Adversary Proceeding*, attached hereto as attachment 1 (exhibits to this motion are excluded).

Polaroid is now having a change of heart, would like this Court to ignore its previous filings and to transfer this case to Delaware. Polaroid, by its pending Motion to Dismiss, asked this Court to answer substantive questions regarding the plaintiffs' claim and thereby forced the plaintiffs the expense of responding to that motion. Now, however, Polaroid apparently asks this Court to "nevermind" its Motion to Dismiss, but with no grounds to do so. Polaroid has chosen its course for litigation--in this Massachusetts Court--and should not be allowed to change midstream when doing so would prejudice the plaintiffs and the Courts. Regardless of the equitable reasons against allowing Polaroid's Motion to Transfer, however, the Court should not transfer the case to Delaware, because Polaroid utterly fails to meet its burden for a transfer under 28 U.S.C. §1404(a).

### II. Polaroid's Motion Should Be Denied Because Polaroid Can Not Meet Its Burden Under 28 U.S.C. §1404(a).

28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought." *28 U.S.C.*

§1404(a). Polaroid, as the moving party, "has the burden of making a clear showing that the balance of interests weigh in favor of the transfer." *Martin v. Levingston Shipbuilding Co.*, 1992 U.S. Dist. LEXIS 12534, 8-9 (D. Mass. 1992). "The burden of proof rests with [Polaroid] and there is a strong presumption in favor of the plaintiff[s'] choice of forum." *Sigros v. Walt Disney World Co.*, 129 F.Supp. 2d 56, 71 (D. Mass. 2001). "Moreover, the balance of convenience focuses on the comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it." *Id.*

Polaroid's motion to transfer fails under §1404(a) because the Delaware Bankruptcy Court lacks jurisdiction over the plaintiffs' claims. Moreover, even if this Court were to find that jurisdiction for the plaintiffs' ERISA claims against Polaroid lies in Delaware, the balance of interests weighs heavily in favor of the sick, dying and financially strapped plaintiffs who chose to bring their claim in this Massachusetts Court. Lastly, Polaroid's motion should be denied because a transfer would cause the plaintiffs' claims against the various defendants to be bifurcated between two states and two courts. The other defendant in this case, Neil Goldman, has not requested, nor does he have grounds to request, a transfer of the case against him to Delaware. If Polaroid's motion were granted, the plaintiffs would be forced to litigate their claim against Polaroid in Delaware and their claim against Goldman in Massachusetts--a result that is against the weight of fairness, reason, and judicial economy.

4

### III. The Plaintiffs' Case Should Not Be Transferred To Delaware Because The Delaware Bankruptcy Court Does Not Have Jurisdiction to Hear The Plaintiffs' Claims.

Jurisdiction for the claims alleged in the Plaintiffs' Amended Complaint properly lies in this Court. The plaintiffs allege an ERISA violation that does not constitute a "core proceeding" and which is "unrelated" to the debtor Polaroid's bankruptcy proceedings in Delaware. *Celotex v. Edwards*, 517 U.S. 300, 115 S.Ct. 1493, 131 L. Ed. 2d 403 (1995). Polaroid does not contest this Court's jurisdiction over the plaintiffs' claim.

#### A. The Delaware Bankruptcy Court Has No Jurisdiction Over the Plaintiffs' Claims Because The Plaintiffs' Suit Is Not A Core Proceeding and Related to the Bankruptcy Action.

The plaintiffs' Amended Complaint is not a "core proceeding." *28 U.S.C. § 57 (B)(2)(A-O)*. The statute's listed examples of core proceedings make certain that in order to be considered such, the proceeding at issue must have some effect on the bankruptcy estate. *Id.* None of the plaintiffs' claims do.

> "To qualify as core, a proceeding must at least be so integral to the bankruptcy process that Congress has the power under Article I of the Constitution to authorize a specialized, non-Article III judge to render a final decision of its merits. Accordingly, under the guiding precedent in this Circuit, a proceeding is 'core' under § 157(b) only if it is integral to the basic function of the bankruptcy court and historically has been entrusted to the bankruptcy court, not reserved exclusively for Article III courts."

*Gray v. Exec. Risk Indem., Inc. (In Re Molten Metal Tech., Inc.)*, 271 B.R. 711, 714 (Bankr. D. Mass. 2002). As the plaintiffs' claim against Polaroid does not implicate the debtor or the debtor's estate, it does not qualify as a core proceeding.

5

*See In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) ("Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings.")

Bankruptcy court jurisdiction also fails because the plaintiffs' claim is not "related to" the administration of the debtor's estate. "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11 [11 USCS § § 101 *et seq.*]." *28 U.S.C. § 157(c)(1).*

> 'The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy…An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate'.

*In Re Calorie Express,* 288 B.R. 167, 169 (D. Mass. 2002), *quoting Celotex, 514 U.S. at 308, n.6.* The plaintiffs' Amended Complaint excludes the debtor Polaroid as a defendant, and only alleges claims against Polaroid Corporation and Neil Goldman for acts taken in their own right--acts that do not implicate successor liability of the debtor Polaroid--and which do not implicate the debtor's bankruptcy estate. The Delaware Bankruptcy Court does not have jurisdiction over the plaintiffs' present claims. Simply, "[b]ankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." *Celotex, supra at* 308, n.6.

> Both the case law and the legislative history make it clear that the lodestar of bankruptcy jurisdiction is the effect of a given action on a bankruptcy estate…A matter may be unrelated to a bankruptcy estate

6

> because it substantively had no impact on that estate or it may be unrelated because the estate does not exist anymore. Either way, if a give dispute is unrelated to a bankruptcy estate, a bankruptcy court...has no subject-matter jurisdiction over that dispute.

*In Re Calorie Express, supra* at 169. "Related proceedings ...must, however, 'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.' (citations omitted)." *In Re G.S.F. Corp.,* 978 F.2d 1467, 1475 (1st Cir. 1991).

If Polaroid was to be found liable for the acts alleged in the plaintiffs' Amended Complaint it could not turn to the bankruptcy estate to satisfy the plaintiffs' judgments against it. Just as Polaroid "did not agree to assume Old Polaroid's ERISA liabilities," debtor Polaroid bears no liability for new Polaroid Corporation's acts.

### IV. The Court Should Deny Polaroid's Motion to Transfer Because Polaroid Has Failed to Meet Its Burden of Proving That the Balance of Interests Weighs In Its Favor

Polaroid is a going corporate concern, operating in Massachusetts. The factual issues in dispute in this case will all be investigated by written and testimonial discovery by persons working and/or residing in Massachusetts. The plaintiffs dispute Polaroid's contention that "neither deposition nor trial testimony will likely be needed." To the contrary, the motivation of the decision makers at Polaroid, currently working in Massachusetts, is at the very heart of the plaintiffs' Amended Complaint. Indeed, "[t]he ultimate inquiry in a Section 510 case is

whether the employment action was taken with the specific intent of interfering with the employee's ERISA benefits." *Barbour v. Dynamics Research Corporation,* 63 F.3d 32, 37 (1st Cir. 1995), *cert. denied* 516 U.S. 113 (1996). Proof of specific intent can only come from deposition and trial testimony. Even if Polaroid's prophecy that this case will be resolved on cross-motions for summary judgment were to be realized, any summary judgment motion by the plaintiffs could only be drafted following extensive depositions and written discovery- in Massachusetts- on the intent issue. Even still, issues of motive and intent are rarely appropriate for summary judgment. *Santiago-Ramos v. Centennial Wireless P.R. Corp.,* 217 F.3d 46 54 (1st Cir. 2000). The plaintiffs expect that this case will require disposition by a fact finder.

Finally, respecting key documents, it is not sufficient, nor should it be a matter of consideration on Polaroid's Motion to Transfer that, according to Polaroid, "relevant documents will likely be few in number, and the key ones are already on file with the Bankruptcy Court in Delaware." More importantly, document requests and interrogatories will be propounded to persons working and/or residing in Massachusetts. That these individuals may gather responsive documents from those on file in Delaware is not persuasive and certainly does not constitute grounds upon which a transfer should be granted.

> A. **Polaroid's Motion to Transfer Should Be Denied Because It Is Unfair, Unreasonable and Not Judicially Expeditious For the Plaintiffs To Simultaneously Try Their Case Against Two Defendants In Two Courts In Two Distant States.**

Polaroid is the only defendant to have requested a transfer of the plaintiffs' case to Delaware. The other defendant, Neil Goldman, has not joined in Polaroid's motion and, in fact, could not so join as the District of Delaware lacks jurisdiction over the plaintiffs' breach of fiduciary duty claim against him. The evidence supporting the plaintiffs' claims against Polaroid and against Goldman is intertwined and, in many cases, identical. If the Court allows Polaroid's motion, the plaintiffs will be forced to try their case against Polaroid in Delaware and their case against Goldman in Massachusetts. Certainly this would be an absurd result for any plaintiff, but it would be especially unfair for this particular group of sick and dying plaintiffs.

Transfer of the plaintiffs' case against Polaroid would result in duplicative litigation as there is a strong likelihood that issues that would arise in one court would arise in another. Severance of the claims would cause unnecessary expense and hardship for the plaintiffs and the Courts. Polaroid's motion should be denied.

## CONCLUSION

Polaroid is a wealthy going concern that has already sought the resolution of dispositive issues in this Massachusetts Court. Polaroid, like Walt Disney World in *Sigros v. Walt Disney World*, 129 F. Supp. 2d. 56 (D. Mass. 2001), is the party in the "best position to absorb and spread" litigation costs and should do so. *Id.* at 71. The plaintiffs, all of whom are on long term disability status, are chronically sick, some terminally, and because of the alleged acts, they are

9

financially precarious. These plaintiffs chose to bring this suit in Massachusetts for good reasons. First, this Court has jurisdiction over both defendants, Polaroid and Neil Goldman. Second, the plaintiffs have a right to participate to the fullest extent in their lawsuit by attending court hearings--a right which will be impossible for most, if not all, of the plaintiffs to exercise if this case is moved to a distant court.

For the foregoing reasons, the plaintiffs respectfully request that this Court deny Polaroid's Motion to Transfer.

        Respectfully submitted,

        Sally A. Ferrari, Elaine Johnson, John J. Magenheimer, Elizabeth Williams and David Maniscalco, plaintiffs,

        By their attorneys,

        /s/ Laurie A. Frankl

        HARVEY A. SCHWARTZ
         BBO # 448080
        LAURIE A. FRANKL
         BBO # 647181
        Rodgers, Powers and Schwartz, LLP
        18 Tremont Street, Suite 500
        Boston, MA 02108
        617-742-7010

Dated: June 4, 2004