IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PRIMARY PDC, INC. (PJW) (f/k/a Polaroid Corporation),... Jointly Administered | ) ) | Case No. 01-10864 |
| Debtors. | | |
| POLAROID CORPORATION (f/k/a OEP Imaging Operating Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Adversary Proceeding |
| -against- | ) ) | |
| SALLY A. FERRARI, ELAINE JOHNSON, JOHN J. MAGENHEIMER, ELIZABETH M. WILLIAMS, AND DAVID A. MANISCALCO | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' AMENDED MOTION TO STAY ADVERSARY PROCEEDING

For the reasons set forth in the accompanying Memorandum of Law, Defendants respectfully request that the Court enter an Order, staying the above-referenced proceeding.

Respectfully submitted,

Sally A. Ferrari, Elaine Johnson, John J. Magenheimer, Elizabeth M. Williams and David Maniscalco, defendants,

By their attorneys,

Harvey A. Schwartz
Massachusetts BBO # 448080

WLM\195062.2

        Laurie A. Frankl
        Massachusetts BBO # 647181
        Rodgers, Powers and Schwartz, LLP
        18 Tremont Street, Suite 500
        Boston, MA 02108
        617-742-7010

Dated: March 19, 2004      /s/ Lastowski

        Michael R. Lastowski (DE I.D. 3892)
        Duane Morris LLP
        1100 North Market Street, Suite 1200
        Wilmington, DE 19801-1246
        Telephone:  302-657-4900
        Facsimile:   302-657-4901
        E-mail:      mlastowski@duanemorris.co

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br>PRIMARY PDC, INC.<br>(f/k/a Polaroid Corporation), et al.,<br><br>Debtors. | ) Chapter 11 )<br>) Case No. 01-10864 (PJW)<br>) Jointly Administered |
| POLAROID CORPORATION,<br>(f/k/a OEP Imaging Operating Corporation),<br><br>Plaintiff,<br><br>-against-<br><br>SALLY A. FERRARI, ELAINE JOHNSON,<br>JOHN J. MAGENHEIMER, ELIZABETH M.<br>WILLIAMS, AND DAVID A. MANISCALCO<br><br>Defendants. | ) Adversary Proceeding<br>) No: 04-50342 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO STAY ADVERSARY PROCEEDING

Michael R. Lastowski (DE I.D. No. 3892)
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4942
Facsimile: (302) 657-4901
E-mail: mlastowski@duanemorris.com
Attorneys for the Defendants

Laurie A. Frankl (#647181)
Rodgers, Powers and Schwartz, LLP
18 Tremont Street, Suite 500
Boston, MA 02108
Telephone: (617) 742.7010

March 19, 1004

WLM\195238.1

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | A Statement of the Nature of and Stage of the Proceedings | 2 |
| II. | Summary of Argument | 2 |
| III. | Statement of Facts | 3 |
|  | A. The Massachusetts Action | 3 |
|  | B. The Duplicative Issue | 3 |
| IV. | Argument | 4 |
|  | A. This Court Has the Discretion to Stay This Action Pending Resolution of the Duplicative Issue By the District Court of Massachusetts | 4 |
|  | B. This Court Should Stay The Adversary Proceeding to Avoid Duplicative Litigation, Conserve the Resources of Both the Court and the Parties, and Because A Stay Serves the Interests of Equity and Fairness | 5 |
|  | C. This Court Should Stay this Adversary Proceeding In Order to Avoid Piecemeal Litigation | 6 |
|  | D. While Polaroid Will Not Be Harmed If This Adversary Is Stayed, the Defendants Will Suffer Harm If this Adversary Proceeding Is Not Stayed | 7 |
|  | E. The Court Does Not Have Jurisdiction Over the Underlying ERISA Action and Therefore The Issue Before Both Courts Should Be Resolved By the Court That Has Jurisdiction Over the Complaint | 9 |
|  | F. The Massachusetts plaintiffs' ERISA claim is neither a "core proceeding," 28 U.S.C. § 57(b)(2)(A-O), nor is it "related to," 28 U.S.C. § 157(c) the debtor's bankruptcy action | 10 |
| V. | Conclusion | 11 |

i

## TABLE OF AUTHORITIES

### CASES

*Africa v. City of Philadelphia (In re: City of Philadelphia Litigation)*, 158 F.3d. 723 (3d Cir. 1998) .................................................................................................................. 5, 6

*American Int'l Underwriters v. Continental Ins. Co.*, 843 F.2d. 1253 (9th. Cir. 1988) ............ 2, 6

*Bayer A.G. v. Novartis Crop Protection*, 2000 U.S. Dist. LEXIS 18395 (D.C. Mid. Dist. LA. 2000) ............................................................................................................... 4

*Beard v. Braunstein*, 914 F.2d 434 (3d Cir. 1990) ................................................................. 10

*Beloit Corp. v. Asia Pulp & Paper Co., LTD*, 2001 Bankr. LEXIS 1294 (Bankr. D. Del. 2001) ................................................................................................................. 9

*Celotex v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 131 L. Ed. 2d 403 (1995) .............................. 2, 10

*G.E. v. Deutz AG*, 270 F.3d 144 (3rd. Cir. 2001) ................................................................. 6

*Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d. 1149 (3d Cir. 1989) ................................................................................................................. 9

*Hoots v. Pennsylvania*, 587 F.2d 1340 (3d 1978) ................................................................. 6

*Insurance Commissioner v. PRS, Inc. (In re: PRS Group, Inc.)*, 2003 Bankr. LEXIS 748 (Bankr. D. Del. 2003) ............................................................................................. 9, 10

*Kewanee v. M & T Oil Co.*, 315 F. Supp. 652 (D. Del. 1970) ..................................................... 2, 5, 7

*Landis v. N. American Co.*, 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ............................. 2, 4

*Research Corp. v. Radio Corp. Of America*, 181 F. Supp. 705 (D. Del. 1960) ............................. 4

*Research Corp. v. Radio Corporation of America*, 181 F. Supp. 709 (D. Del. 1960) ..................... 8

*Spencer v. Kugler*, 454 F.2d 839 (3d Cir. 1972) ................................................................. 6

*Visual Edge Sys. v. Takefman*, 2000 Del. Ch. LEXIS 24 (Del. Ch. 2000) .................................. 7

### STATUTES

28 U.S.C. § 157(c) ...............................................................................................

28 U.S.C. § 157(b)(2) ...................................................................................... 1, 10

Fed. R. Bank. P. 1001 ; Fed. R. Civ. P. 1 ............................................................... 4

Federal Arbitration Act, 9 *U.S.C.S.* § *1, et seq* .................................................................. 9

### I.  A Statement of the Nature of and State of the Proceedings

In this adversary proceeding the plaintiff, Polaroid Corporation, requests that this Court enter a judgment declaring that the defendants' lawsuit against it, pending in the United States District Court, District of Massachusetts (the "Massachusetts Court"), is precluded by a Bankruptcy Sale Order of this Court associated with its purchase of the majority of assets of the company, formally known as Polaroid.[*] Because this exact issue of law is currently pending in the District Court of Massachusetts, the defendants to this adversary proceeding request that this Court stay this action until such time as the Massachusetts Court has ruled on the issue. **II.**   **Summary of Argument**

    A.  The Court should exercise its discretion to stay these proceedings in light of the pending, parallel proceeding before the Massachusetts Court. The Court's discretion to issue such a stay is well established. *Landis v. N. American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 165-66, 81 L. Ed. 153 (1936).

    B.  The Court should issue a stay in order to avoid simultaneous litigation. *Kewanee v. M & T Oil Co.*, 315 F. Supp. 652 (D. Del. 1970).

    C.  The Court should issue a stay to avoid piecemeal litigation. *American Int'l Underwriters v. Continental Ins. Co.*, 843 F.2d. 1253, 1258 (9th. Cir. 1988).

    D.  The Court does not have jurisdiction over the ERISA Action before the Massachusetts Court and therefore the issue before both courts should be resolved by the court (i.e., the Massachusetts Court) with jurisdiction over the Complaint. *Celotex v. Edwards*, 514 U.S. 300, 308, n.6, 115 S.Ct. 1493, 131 L. Ed. 2d 403 (1995).

---

[*] For purposes of this memorandum, the plaintiff, Polaroid Corporation, is referred to as such. The debtor company, formally known as Polaroid Corporation, is referred to as the "Debtor."

III. **Statement of** Facts

    A.    The **Massachusetts Action**

The defendants to this adversary proceeding are plaintiffs in an ERISA case filed against Polaroid in the United States District Court, District of Massachusetts. The defendants, also referenced herein as the "Massachusetts plaintiffs," are a group of disabled former employees of the debtor who brought suit against Polaroid, and others, alleging, *inter alia*, that Polaroid conspired with the Debtor to terminate the defendants' employment for the purpose of interfering with the defendants' receipt of medical and life insurance benefits, in violation of ERISA Sec. 510. For the Court's reference, a copy of the defendants' Amended Complaint in the Massachusetts action is attached as Exhibit 1.

    B.    **The Duplicative Issue**

On January 8, 2004, Polaroid Corporation initiated this adversary proceeding by filing its Complaint for Declaratory Relief in this Court. In its prayer for relief, Polaroid asks this court to enter judgment in its favor and against the Defendants by "declaring that the Massachusetts Action (and the claims therein) and any other actions or proceedings by the Defendants against New Polaroid are barred." On January 9, 2004, Polaroid Corporation filed and served its Motion to Dismiss in the Massachusetts action. A copy of Polaroid's Motion is attached as Exhibit 2. In that District Court motion, Polaroid argues that "the Sale Order bars claims against New Polaroid arising from the termination from Old Polaroid's employees." Exhibit 2, page 10.[2] This is the identical legal issue that governs Polaroid's request for a declaratory judgment in this adversary proceeding. The Massachusetts plaintiffs have filed an extensive opposition to Polaroid's motion

---

The Massachusetts plaintiffs opposed Polaroid's Motion to Dismiss. A copy of this Motion is attached as Exhibit 3.

WLM\195258.1            3

in the District Court and that court is prepared to address the issue. Polaroid thus seeks to litigate the same issue between the same parties simultaneously in two federal courts. **IV. <u>Argument</u>**

    **A.**    **This Court Has the Discretion to Stay This Action Pending Resolution of the Duplicative Issue By the District Court of Massachusetts.**

The Federal Courts control their own dockets and are encouraged to do so in consideration of the interests of judicial economy and fairness. A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, of counsel and for litigants." *Landis v. N. American Co.*, 299 U.S. *at* 254-55, 57 S. Ct. at 165-66, 81 L. Ed. 153. "A motion to stay is addressed to the sound discretion of the court, and the denial or grant of a stay is predicated upon the inherent power of a court to control its docket." *Research Corp. v. Radio Corp. Of America*, 181 F. Supp. 705, 710 (D. Del. 1960), citing, *Landis v. North American Corp.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L. Ed. 153 (1936). "The determination of whether to grant a stay calls for the exercise of judgment which must weigh competing interests and maintain an even balance. The court should consider the possible damage, hardship and inequities to the parties to the lawsuit and the relationship of the stay to the fulfillment of judicial objectives of simplification of the issues in question and trial of the case." *Bayer A. G. v. Novartis Crop Protection*, 2000 U.S. Dist. LEXIS 18395, 6-7 (D.C. Mid. Dist. LA. 2000) (a copy of which is attached hereto as Exhibit 4). Furthermore, both the Federal Rules of Bankruptcy and the Federal Rules of Civil Procedure are to "be construed to secure the just, speedy and inexpensive determination of every case and proceeding," Fed. R. Bank. P. 1001 ; Fed. R. Civ. P. 1.

This Court is empowered to stay this adversary proceeding and should do so because a stay will serve the interests of fairness and judicial economy. **B.    This Court Should Stay The Adversary Proceeding to Avoid Duplicative**

**Litigation, Conserve the Resources of Both the Court and the Parties, and Because A Stay Serves the Interests of Equity and Fairness.**

This Court should stay Polaroid's adversary proceeding until the District Court of Massachusetts rules on Polaroid's Motion to Dismiss Plaintiffs' Amended Complaint. A stay will avoid litigation of the same legal issue in two federal courts that could result in inconsistent rulings. Staying Polaroid's adversary proceeding until the Massachusetts court rules on Polaroid's Motion to Dismiss would: 1) conserve federal court resources as it would avoid two federal courts ruling on the same issue; 2) conserve the resources of both parties, because both parties would not be forced to expend time and resources litigating in both forums; and 3) avoid the inequitable hardship that the Massachusetts plaintiffs would suffer if forced to simultaneously litigate the same issue, as the Massachusetts plaintiffs are severely limited by both their health and their financial station.

Efficiency, fairness and equity are all risked by the simultaneous litigation of the one legal issue in both the District Court of Massachusetts and this court. The Federal courts of Delaware have historically worked to avoid such simultaneous litigation. For instance, in *Kewanee v. M & T Oil Co.*, 315 F. Supp. 652 (D. Del. 1970) the District Court enjoined a patent suit stating, "[i]n the interest of conservation of judicial resources and comprehensive disposition of the litigation between the two parties, litigation with a common issue should not proceed simultaneously in two forums....Viewing the over-all equities, this Court concludes that it should afford relief to avoid duplicitous litigation between the same parties involving the same subject." *Id.* at 655-656, citing, *Kerotest Mfg. Co. v. C-0-Two Fire Equipment Co.*, 342 U.S. **180,** 72 S.Ct. 219, 96 L. Ed. 200 (1952). *See also Africa v. City of Philadelphia (In re: City of Philadelphia*

*Litigation)*, 158 F.3d, 723 (3d Cir. 1998) ("In addition, it preserves the integrity of the judicial process by ensuring that judicial determinations are given full effect and prevents the tremendous waste of precious judicial resources that otherwise would result from duplicitous litigation.") Id. *at 727; Spencer v. Kugler*, 454 F.2d 839 (3d Cir. 1972). A stay of this adversary proceeding would promote these important interests.

    **C.    This Court Should Stay this Adversary Proceeding In Order to Avoid Piecemeal Litigation.**

This Court should not endorse Polaroid's piecemeal approach to litigating the preclusion issue. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *American Int'l Underwriters v. Continental Ins. Co.*, 843 F.2d. at 1258. Piecemeal litigation is to be avoided, where possible, because it is a drain on court and party resources, but also because it can create a level of inequity not otherwise present in the litigation, as it does in this case. The Third Circuit has stated, "it would seem to us to be a disservice to the Court, to litigants in general and to the idea of speedy justice if we were to succumb to enticing suggestions to abandon the deeply-held distaste for piecemeal litigation in every instance of temptation." *Hoots v. Pennsylvania*, 587 F.2d 1340, 1348 (3d 1978).

Polaroid has asked both the District Court of Massachusetts and this court to decide whether the Bankruptcy Sale Order bars the defendants' Massachusetts action. The doctrine of collateral estoppel, which would preclude either party from re-litigating the issue once it has been decided on its merits, is designed to prevent this sort of piecemeal litigation. "[R]es judicata or claim preclusion is designed to avoid piecemeal litigation of claims arising from the same events." *v. Deutz AG*, 270 F.3d 144, 157-158 (3rd. Cir. 2001). Staying this

adversary proceeding before the defendants respond to Polaroid's complaint advances the same cause and conserves further resources.

Further, by issuing a stay this Court can, and should, avoid the possibility of two courts issuing conflicting rulings. *See* Visual *Edge Sys. v. Takefman,* 2000 Del. Ch. LEXIS 24, 3-4 (Del. Ch. 2000) (a copy of which is attached hereto as Exhibit 5) (staying a Delaware action where previously filed Florida action addressed substantially the same issues.) The *Visual Edge* Sys. Court wrote, "[i]n staying this matter, the Court avoids simultaneous litigation of substantially similar issues among the same parties in different courts. In addition, the stay of this Delaware Action facilitates comity between sister states, efficient use of judicial resources and eliminates the possibility of inconsistent and conflicting rulings and judgments." *Id.* at 3.

Polaroid has chosen to litigate the preclusion of claims issue in the Massachusetts court. It fully briefed the issue to the District Court and the Massachusetts plaintiffs responded. *See Exhibits 2 and 3.* Polaroid did not move to transfer the case, as it had in its motion to dismiss the Massachusetts plaintiffs' original complaint (papers that were never considered by the District Court because the plaintiffs immediately filed their Amended Complaint), nor did it move to stay the Massachusetts action pending a determination by this Court on its adversary complaint. Polaroid should not be entitled to forum shop on this issue and certainly should not be entitled to tie-up limited federal court resources by seeking the resolution of the same legal question in two federal courts by two federal judges.

### D. While Polaroid Will Not Be Harmed If This Adversary Is Stayed, the Defendants Will Suffer Harm If this Adversary Proceeding Is Not Stayed.

Courts should consider the economic hardship to the parties when deciding a motion to stay a proceeding that raises issues that are already pending before another court. *Kewanee,* 315 F. Supp. at 655 ("Not only is an economic hardship imposed upon the parties, but litigation in

two tribunals at the same time is a luxury not compatible with the efficient administration of justice" *quoting Research Corp. v. Radio Corporation of America*, 181 F. Supp. 709, 711(11 Del. 1960). Courts will sometimes stay the second proceeding where the litigation would cause an economic hardship to both parties. *Id.* This case is even more exceptional because here the duplicative litigation of the same legal issue would prejudice only the disabled defendants, not the corporate plaintiff. In this case, economic fairness and equity dictate a stay.

The Massachusetts *action* epitomizes a David verses Goliath struggle. The plaintiffs allege that Polaroid illegally conspired with the debtor company to terminate the plaintiffs' employment, thereby cutting off their medical, health and life insurance. The Massachusetts plaintiffs' medical and economic health lies at the heart of their action. As the Amended Complaint lays out, because of Polaroid's alleged conspiracy, the sick, and some dying, plaintiffs, despite promises to the contrary, lost their medical and life insurance at their time of greatest need. Because of Polaroid's acts, the Massachusetts plaintiffs have been forced to dig deep, economically, in order to just cover the cost of their medical needs. It would *therefore* be inequitable to force these sick plaintiffs to simultaneously litigate this issue in this Delaware court when they are already deeply involved in litigating the preclusion issue in Massachusetts. In comparison to the medically and economically suffering "Davids," the "Goliath" in this fight, Polaroid, is virtually unlimited in its ability to simultaneously litigate the preclusion issue in two distant courts. In fact, Polaroid intentionally chose to do so. One questions, of course, Polaroid's purpose in taking this course against these Massachusetts plaintiffs.

Polaroid will not suffer any harm if this Court grants a stay. Polaroid's sole legitimate interest is the determination of the issue of whether the Sale Order precludes the Massachusetts action. If Polaroid had a specific definable interest in that issue being adjudicated by this Court,

they would have chosen different procedural options for this litigation. However, Polaroid specifically chose to present this preclusion issue to the District Court of Massachusetts. Having done so, Polaroid should not be heard to complain if this Court chooses to let the Massachusetts Court decide the issue, as Polaroid requested it to do.

      E.    **The Court Does Not Have Jurisdiction Over the Underlying ERISA Action and Therefore The Issue Before Both Courts Should Be Resolved By the Court That Has Jurisdiction Over the Complaint.**

This Court should stay the adversary proceeding pending resolution of the issue in Massachusetts because this court does not have jurisdiction over the underlying ERISA claim. Where two tribunals are presented with the same legal issue, the forum lacking jurisdiction over the underlying claim should yield to the forum where the matter will be properly litigated. For instance, this concept underlies the theory behind staying bankruptcy proceedings where there is a binding arbitration clause. *See Insurance Commissioner v. PRS, Inc. (In re: PRS Group, Inc.)*, 2003 Bankr. LEXIS 748 (Bankr. D. Del. 2003) (a copy of which is attached hereto as Exhibit 6); *Beloit Corp. v. Asia Pulp & Paper Co., LTD*, 2001 Bankr. LEXIS 1294 (Bankr. D. Del. 2001) (a copy of which is attached hereto as Exhibit 7) (staying an arbitration proceeding pending arbitration).

Courts routinely stay proceedings where there is a governing arbitration clause, in accordance with the Federal Arbitration Act, 9 *U.S.C.S.* § *1, et seq.*, which legislates deference to the contract and which transfers jurisdiction away from the court and to the arbitrator. Where the underlying issue constitutes a non-core proceeding, the Third Circuit has held that a Bankruptcy Court must stay the matter in favor of arbitration. *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d. 1149, 1155-57 (3d Cir. 1989)("The Third Circuit has held that courts have no discretion to deny the enforcement of an arbitration clause in a non-core bankruptcy proceeding.") In other words, where a Court lacks jurisdiction because of a valid arbitration

9

clause, it should stay proceedings in deference to the forum where jurisdiction properly lies. This same analysis is instructive in this case, where jurisdiction for the underlying ERISA claim lies in the District Court of Massachusetts.

    F.    **The Massachusetts plaintiffs' ERISA claim is neither a "core proceeding,"** *28 U.S.C. § 57(b)(2)(A-O)*, **nor is it "related to,"** *28 U.S.C. § 157(c)* **the debtor's bankruptcy action.**

The Massachusetts plaintiffs' ERISA claim is not a "core proceeding." *28 U.S.C. § 57 (B)(2)(A-O)*. "In order to be core an action must involve 'property in the actual or constructive possession of the bankruptcy court.' *Ins. Comm'r of the Comm. Of Penn. As Liquidator of Reliance Insurance Corp. (In Liquidation) v. PRS Insurance Co., et al. (In Re PRS Insurance Group, Inc.)*, 2003 Bankr.LEXIS 748, 4 (Bankr. D. Del. 2003)(a copy of which is attached hereto as Exhibit 6), citing, *Beard v. Braunstein*, 914 F.2d 434, 444 (3d Cir. 1990). The ERISA claim against Polaroid does not implicate the debtor, the debtor's estate, or the administration of the debtor's estate. The debtor is not a defendant in the Massachusetts action. The ERISA claim is **a** claim against Polaroid in its own right, for acts it did on its own. The Massachusetts plaintiffs do not allege any claim that would implicate Polaroid as a successor to the debtor's estate and any conceivable recovery would *come* from Polaroid Corporation - not from the debtor estate. "Bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." *Celotex v. Edwards*, 514 U.S. at 308, n.6, 115 S.Ct. 1493, 131 L. Ed. 2d 403 (1995).

Exercise of jurisdiction over the underlying claim by the Court would also fail because the Massachusetts plaintiffs' claims are not "related to" the administration of the debtor's estate. "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11 [11 USCS §§ 101 *et seq.*]." *28 U.S.C. § 157(c)*. If Polaroid was found liable for the alleged conspiracy it could not turn to the bankruptcy *estate* to satisfy the plaintiffs' judgments against it.

V.  Conclusion

For the foregoing reasons, the defendants in this action respectfully request that this Court stay the adversary proceeding pending resolution of Polaroid's Motion to Dismiss the Plaintiffs' Amended Complaint, currently pending in the United States District Court of Massachusetts.

                        Respectfully submitted,

                        Sally A. Ferrari, Elaine Johnson, John J.
                        Magenheimer, Elizabeth M. Williams and
                        David Maniscalco, defendants,
                        By their attorneys,

                        Harvey A. Schwartz
                        **Massachusetts BBO # 448080**
                        Laurie A. Franid
                        Massachusetts BBO # 647181
                        Rodgers, Powers and Schwartz, LLP
                        18 Tremont Street, Suite 500
                        Boston, MA 02108
                        617-742-7010

Dated: March 19, 2004

                        Michael R. Lastowski (D I.D. 3892)
                        Duane Morris LLP
                        1100 North Market Street, Suite 1200
                        Wilmington, DE 19801-1246
                        Telephone: 302-657-4900
                        Facsimile: 302-657-4901
                        E-mail: mlastowski@duanemorris.com