# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RECEIPT # _48226_
AMOUNT $ _150.00_
SUMMONS ISSUED _YES_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _Kim Abaid_
DATE _7-1-03_

SALLY FERRARI, ELAINE JOHNSON, )
JOHN MAGENHEIMER, ELIZABETH )
WILLIAMS, and DAVID A. )
MANISCALCO, )
)
Plaintiffs, )
)
v. )
)
POLAROID CORPORATION, INC.; )
PRIMARY PDC, INC.; OEP IMAGING )
OPERATING CORPORATION, INC.; and )
ONE EQUITY PARTNERS, INC. )
)
)
Defendants. )
)
)

## 03-11275MLW

MAGISTRATE JUDGE _Alexander_

## COMPLAINT

### Introduction

This is a case brought by a class of disabled individuals who were employed by the Polaroid Corporation ("Polaroid") until July 2002. Each member of the class is a person who presently receives Long Term Disability benefits pursuant to Polaroid's Long Term Disability Plan ("LTD Plan"). The Polaroid LTD Plan provided that for so long as the plaintiffs received Long Term Disability benefits, Polaroid would pay the beneficiaries' medical, dental, and life insurance premiums. In violation of that promise, Polaroid has

cut-off medical, dental and life insurance payments for the plaintiffs. In the summer of 2002, One Equity Partners ("OEP") and Polaroid entered into a purchase agreement whereby OEP would purchase the majority of Polaroid's assets. As a term of the sale, OEP required Polaroid to terminate all of its employees who were at that time receiving Long Term Disability benefits pursuant to the Polaroid employee benefit plan. In early July 2002, all of the plaintiffs received an unsigned letter from the Polaroid Corporation informing them that: 1) they would no longer be considered employees of the company; 2) unlike all other Polaroid employees they would not be re-hired by OEP; and 3) in conjunction with being terminated each plaintiff would lose his or her health and life insurance benefits. This complaint seeks equitable and legal relief for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 *et seq.*, and a preliminary injunction ordering medical, dental, and life insurance payments to be restored for these gravely ill, long-term, faithful Polaroid employees.

## CLASS REPRESENTATION

1.     The five named plaintiffs are members of a more than 100 person class of individuals in several states. Joinder of each person in this lawsuit is therefore impracticable.

2.     Each member of the class is either a former Polaroid employee or a surviving spouse of a former Polaroid employee who was promised medical, dental, and life insurance premium payments in conjunction with his or her receipt of Long Term

2

Disability benefits and who has since been terminated and, as a result of that termination, has lost his or her health and life insurance benefits.

3.     The questions of law and fact presented in this complaint are common to each individual in the class.

4.     The five named plaintiffs, the representatives of the class, present claims that are identical to each member of the class.

5.     The five named plaintiffs will fairly and adequately protect the interests of the class.

**PARTIES**

6.     Sally A. Ferrari is a 59 year old woman who was an employee of Polaroid from December 1983 until July 2002. In her last position, she was employed as the executive assistant to the director of marketing.  In 1996, Ms. Ferrari was diagnosed with moderate to severe Alzheimer's disease.  Alzheimer's disease is an insidious and debilitating disease of the brain that causes the gradual loss of brain cells; it is commonly characterized as a disease that affects a person's memory and ability to function.  Ms. Ferrari applied and was approved for Long Term Disability benefits in 1997.  Since 2002, Ms. Ferrari has been living a totally dependent lifestyle.  She cannot bathe, feed or function independently.  As a result, she spends each day in the constant care of either a private day care facility or her 86 year old mother-in-law.  Her husband, John Ferrari, is unable to stay at home with his wife of 39 years because he has been forced to delay his

3

retirement in order to pay for his wife's medical costs. Ms. Ferrari is a resident of Saugus, Essex County, Massachusetts.

7.    John J. Magenheimer was an employee of Polaroid from 1977 until July 2002. In his last position with the company, Mr. Magenheimer was the Director of the Materials and Chemical Analysis Laboratory. In 1992, Mr. Magenheimer was diagnosed with stage-four metastatic melanoma and was told he had three months to live. Metastatic melanoma is a deadly and incurable form of skin cancer. Mr. Magenheimer applied and was approved for Long Term Disability Benefits in 1998. Mr. Magenheimer has survived the eleven years since his diagnosis, but they have been eleven years of aggressive drug therapy and constant pain. To date, he has endured four major and twelve minor surgical procedures to remove cancer from his body. Mr. Magenheimer is a resident of Wellesley, Norfolk County, Massachusetts.

8.    Elaine Johnson is a 59 year old woman who was an employee of Polaroid from April 1972 until July 2002. In her last position with the company, Ms. Johnson worked as an administrative specialist in the Incoming Inspection department. In 1990, Ms. Johnson was diagnosed with stage-three lung cancer and in 1990 had her right lung removed. She also suffers from cardiomyopathy and a puliminary embolism that caused multiple blood clots in her remaining lung. Ms. Johnson applied and was approved for Long Term Disability Benefits in 1991. Ms. Johnson is a resident of Attleboro, Bristol County, Massachusetts.

4

9.    Elizabeth M. Williams is a 50 year old woman who was an employee of Polaroid from 1973 to July 2002. Ms. Williams' last position in the company was as a senior human resources administrator. In 1988, Ms. Williams was diagnosed with systemic lupus. Lupus is a chronic autoimmune disease that causes the body's immune system to attack healthy tissue throughout the body; the disease causes, among other things, debilitating fatigue and constant pain. Ms. Williams has also developed insulin-dependent diabetes. Lupus has no known cause or cure. Ms. Williams applied and was approved for Long Term Disability Benefits in 1989. Ms. Williams is a resident of Waltham, Middlesex County, Massachusetts.

10.   David A. Maniscalco is a 58 year old man who was employed by Polaroid from July 1966 until July 2002. In his last position with the company, Mr. Maniscalco was the section leader in the Distribution division. In 1976, Mr. Maniscalco had an industrial accident that caused him permanent irreparable back injury. Mr. Maniscalco's injuries caused him to be in and out of the workplace. In 1989, Mr. Maniscalco applied and was accepted for Long Term Disability Rehabilitation benefits. After that, he worked four hours per day until 1998 when he was no longer able to work. In 1998 he applied and was accepted for Long Term Disability benefits. Mr. Maniscalco is a resident of Mansfield, Bristol County, Massachusetts.

11.   The Polaroid Corporation is a Delaware Corporation with a principal place of business in Waltham, Middlesex County, Massachusetts. In June 2002, pursuant

5

to an endorsed order of the United States Bankruptcy Court, the majority of Polaroid's assets was purchased by OEP Imaging Operating Corporation ("OEPI"), an affiliate of One Equity Partners, Inc.

12.    In August 2002, the original Polaroid Corporation, which retained 35 % of the company's assets, after the sale to OEPI, changed its corporate name to Primary PDC, Inc ("PDC"). PDC has a principal office in Cambridge, Middlesex County, Massachusetts. (The original Polaroid Corporation and PDC will be herein referred to as "the old Polaroid.")

13.    OEPI is a Delaware Corporation and an affiliate of One Equity Partners, Inc.

14.    In August 2002, OEPI changed its name to Polaroid Corporation, Inc. This "new" Polaroid Corporation carries on the business of the "old" Polaroid Corporation, using Polaroid's properties, equipment, products, patents and employees. The "new" Polaroid Corporation holds itself out to consumers and commercial customers as the "old" Polaroid.

## Jurisdiction and Venue

15.    This Court has jurisdiction under 28 U.S.C. § 1331 in that the plaintiffs' claims arise out of the terms and conditions of the applicable employee benefit plan, enforcement of which is authorized by § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.

16.    Venue is proper in the District of Massachusetts under 28 U.S.C. § 1132(e)(2) in

that all the defendants have principal places of business in Cambridge, Middlesex County,

Massachusetts and Needham, Norfolk County, Massachusetts.

## Facts

17.    The "old" Polaroid at all relevant times maintained a qualified employee benefit

plan as defined by 29 U.S.C. § 1002(3).

18.    At all relevant times, the "old" Polaroid was a fiduciary of its employee benefit

plan as defined by 29 U.S.C. § 1102(a).

19.    Each plaintiff in the class was an employee of the Polaroid corporation until his or

her termination from the company in July 2002.

20.    Long Term Disability benefits were a condition of employment at the "old"

Polaroid.

21.    At hire and at various times throughout their employment, each "old" Polaroid

employee received documents stating the terms of their employment benefits, including

Long Term Disability, medical, dental, and life insurance.

22.    Throughout the term of their employment, and prior to their receipt of Long Term

Disability benefits, the "old" Polaroid deducted a portion of the premium for medical,

dental, and life insurance benefits from each employee's paycheck.

23.    Once an employee was qualified to receive Long Term Disability benefits, the

"old" Polaroid paid the full medical, dental, and life insurance premiums at no cost to the

employee, in addition to salary continuation, for so long as the employee remained disabled.

24.    At some point during the course of each plaintiff's employment, he or she applied for Long Term Disability benefits pursuant to the "old" Polaroid's employee benefit plan.

25.    Following his or her application for Long Term Disability benefits, each plaintiff received a letter from the "old" Polaroid stating that he or she was approved for the receipt of benefits pursuant to the plan. In addition, the letter detailed the employee's right to additional benefits pursuant to the plan.

26.    In addition to other promises, each plaintiff's acceptance letter stated in all capital letters:

> "ALL INSURANCE PREMIUMS THAT WERE BEING DEDUCTED FROM YOUR POLAROID PAYCHECKS WILL BE PAID FOR BY POLAROID WHILE YOU ARE ON LTD."

27.    None of the Long Term Disability benefit acceptance letters included a limitation or reservation of rights by Polaroid or indicated that Polaroid's payment of medical, dental, and life insurance premiums was contingent in any way.

28.    The Long Term Disability salary benefit itself is not contingent upon future employment with the company. All of the plaintiffs continue to receive the salary payments. The fiduciaries of the "old" Polaroid's employee benefit plan insured the Long Term Disability salary reimbursement benefit so that the benefit survived an employee's termination from the company.

8

29.    The plaintiffs, all employees out of work on Long Term Disability, are by definition sick individuals who incur higher than average health care costs and who incur higher than average life insurance premiums.

30.    In applying for and receiving Long Term Disability benefits, the plaintiffs were exercising a right to which they were entitled under the provisions of Polaroid's employee benefit plan.

31.    In August 2001, OEP purchased the majority of the "old" Polaroid's assets. OEP continues to do business under the Polaroid name, continues to manufacture Polaroid brand products at Polaroid facilities, and continues to sell Polaroid products to Polaroid customers.

32.    The plaintiffs, and all other "old" Polaroid employees receiving LTD benefits, were not re-hired by the "new" Polaroid. Instead, all persons receiving LTD benefits in July 2002 were sent an unsigned letter on Polaroid letterhead informing them that they were no longer Polaroid employees and would not be re-hired by OEP. The letter also stated that all medical, dental, and life insurance premiums would cease immediately.

33.    Polaroid ceased payments for the plaintiffs' medical, dental, and life insurance as of July 2002.

34.    "Old" Polaroid employees not out of work on Long Term Disability benefits were not terminated by Polaroid and were re-hired by the "new" Polaroid.

9

## COUNT I - BREACH OF PLAN PROVISION UNDER ERISA

The allegations of paragraphs 1- 34 are incorporated herein by reference.

35.    The plaintiffs were promised that each would receive medical and life insurance benefits for the entire term of the Long Term Disability coverage. Each plaintiff was thus entitled to receive medical, dental, and life insurance benefits for the entire term of their Long Term Disability benefit.

36.    When the plaintiffs were approved for Long Term Disability benefits and began to receive these benefits, their benefits vested and could not be lawfully modified or terminated thereafter.

37.    The acceptance for benefits letter received by each plaintiff constituted a novation of the LTD plan's terms as outlined in the then existing plan documents.  The terms outlined in the letter control the terms of the plaintiffs' benefits.

38.    Alternatively, the acceptance of benefits letter constituted a Summary Plan Description as defined by 29 U.S.C. §1022.

39.    By its acts and omissions Polaroid breached the terms of its employee benefit plan as to each of the plaintiffs.

40.    As a direct result of this breach, the plaintiffs have been forced to pay out of pocket for medical, dental, and/or life insurance benefits at substantial cost and hardship or, if they could not afford these payments, they have lost such insurance coverage.

41.    Those plaintiffs who chose to pay for their insurance pursuant to the Consolidated

Omnibus Budget Reconciliation Act (COBRA) will lose their medical coverage when the

Act's 18 month coverage term expires in January 2004.

## COUNT II - PROMISSORY ESTOPPEL UNDER ERISA

The allegations of paragraphs 1- 41 are incorporated herein by reference.

42.    The plaintiffs relied to their detriment on the promise made by Polaroid that

their medical, dental, and life insurance benefits would be provided to them as a term of

the LTD Plan for as long as each plaintiff was in receipt of Long Term Disability

payments.

43.    As a result, Polaroid is estopped from refusing to provide those benefits to the

plaintiffs.

## COUNT III - BREACH OF FIDUCIARY DUTY UNDER ERISA

The allegations of paragraphs 1- 43 are incorporated herein by reference.

44.    As a fiduciary of an employee benefit plan, Polaroid had a duty to act in the best

interests of the beneficiaries.  In this case, Polaroid should have properly insured the

promised medical, dental, and life insurance premiums, just as it insured the salary

continuation benefit.

45.    Polaroid breached its fiduciary duty to the plaintiffs by failing to insure the

11

medical, dental, and life insurance premiums that were promised to each plaintiff in his or her acceptance for benefit letter.

## COUNT IV - UNLAWFUL DISCHARGE FOR PURPOSE OF INTERFERING WITH THE ATTAINMENT OF BENEFITS- ERISA SEC. 510 (29 U.S.C. § 1140)

The allegations of paragraphs 1 - 45 are incorporated herein by reference.

46.    The plaintiffs were terminated from their employment with Polaroid as a term of the asset purchase agreement by which the "new" Polaroid purchased a majority interest in the "old" Polaroid.

47.    Each plaintiff received an unsigned letter, dated July 2, 2002, from the Polaroid Corporation, which gave notice that the plaintiffs were terminated from employment with Polaroid, that they would not be re-hired, and that their medical, dental, and life insurance benefits would be terminated by the end of that month.

48.    Polaroid terminated the plaintiffs' employment for the purpose and with the specific intent of interfering with the plaintiffs' rights to and attainment of the medical, dental, and life insurance benefits that were promised to them and which are a term of the Polaroid LTD Plan.

49.    The "new" Polaroid failed to maintain the plaintiffs' employment for the purpose of interfering with the plaintiffs' rights to the medical, dental, and life insurance benefits that are attendant to their Long Term Disability benefits.

12

## COUNT V
## DISCRIMINATION IN VIOLATION OF ERISA SEC. 510 (29. U.S.C. § 1140)

The allegations of Paragraphs 1-49 are incorporated herein by reference.

50.    The "old" Polaroid discriminated against the plaintiffs and all other similarly situated employees, based upon their status as employees in receipt of Long Term Disability Benefits, when it terminated their employment with the specific intent of interfering with the plaintiffs' ERISA benefits.

51.    The "old" Polaroid discriminated against the plaintiffs and all other similarly situated employees, based upon their status as employees in receipt of Long Term Disability Benefits, when it entered into a sale agreement, which had as a condition of sale the termination of all employees currently out of work on Long Term Disability, with the specific intent of interfering with the plaintiffs' ERISA benefits.

52.    The "new" Polaroid discriminated against the plaintiffs and all other similarly situated employees, based upon their status as employees in receipt of Long Term Disability Benefits, when it entered into a sale agreement, which had as a condition of sale the termination of all employees currently out of work on Long Term Disability, with the specific intent of interfering with the plaintiffs' ERISA benefits.

53.    The "new" Polaroid discriminated against the plaintiffs and all other similarly situated employees, based upon their status as employees in receipt of Long Term Disability Benefits, when it refused to hire the plaintiffs with the specific intent of

interfering with the plaintiffs' ERISA benefits.

54. This conduct violated § 510 of ERISA which makes it "...unlawful for any person to...discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan...."

## COUNT VI - CONSPIRACY TO VIOLATE ERISA SEC. 510 (29 U.S.C. § 1140)

The allegations of Paragraphs 1-54 are incorporated herein by reference.

55. The "old" Polaroid and the "new" Polaroid entered into an asset purchase agreement.

56. The "new" Polaroid, as a condition of its execution of this agreement, required Polaroid to terminate all employees receiving Long Term Disability benefits. Polaroid agreed to this term and terminated such employees.

57. Both the "new" and the "old" Polaroid, knew or should have known that such a termination of employees because they have applied for and received Long Term Disability benefits would violate § 510 of ERISA which prohibits discrimination against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan.

58. This agreement constituted a conspiracy between the "old" Polaroid and the "new" Polaroid to interfere with the plaintiffs' rights to and attainment of the medical, dental, and life insurance premium benefits that were promised to them and which constituted a

14

term of the Polaroid LTD Plan in violation of § 510 of ERISA.

## RELIEF REQUESTED

AS A RESULT of the above wrongful conduct by the defendants, the plaintiffs' rights have been violated. They have been damaged and have been otherwise injured.

WHEREFORE, the plaintiffs demand:

1)    An order of the court certifying the rights of Sally A. Ferrari, Elaine Johnson, John Magenheimer, David Maniscalco, and Elizabeth Williams, other former Polaroid employees, and those surviving spouses of other former Polaroid employees similarly situated to receive medical and life insurance premium payments in addition to Long Term Disability benefits.

2)    A declaratory judgment that each of the defendants has violated the plaintiffs' rights as protected by 29 U.S.C. § 1001 *et seq.*.

3)    A preliminary injunction ordering restoration of medical, dental, and life insurance, payment of all premiums, and reimbursement of all amounts paid by the plaintiffs to maintain such insurance to date.

4)    A permanent injunction ordering the defendants to retain the plaintiffs as employees of Polaroid Corporation for the purpose of the restoration of their promised medical, dental, and life insurance premium benefits.

5)    A judgment in favor of the plaintiffs and the class for damages incurred as result of the defendants' ERISA violations.

15

6)    An award of the plaintiffs' attorneys' fees pursuant to § 502(g)(1) of

ERISA, 29 U.S.C. §1132(g)(1).

7)    A Grant of such further equitable and legal relief as this court deems fitting

and just.

Respectfully submitted,
Sally A. Ferrari, Elaine Johnson, John Magenheimer,
David Maniscalco, and Elizabeth Williams,

By their attorneys,

Harvey A. Schwartz
BBO # 448080
Laurie A. Frankl
BBO # 647181
Rodgers, Powers and Schwartz, LLP
18 Tremont Street, Suite 500
Boston, MA 02108
617-742-7010

Dated: July 7, 2003

16