UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SALLY FERRARI, ELAINE JOHNSON, JOHN MAGENHEIMER, ELIZABETH WILLIAMS, and DAVID A. MANISCALCO, <br><br> Plaintiffs, <br><br> v. <br><br> POLAROID CORPORATION and NEIL GOLDMAN <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 03-11275 MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' / DEFENDANTS' IN COUNTERCLAIM ANSWER TO NEIL GOLDMAN'S COUNTERCLAIM**

The plaintiffs / defendants in counterclaim, Sally Ferrari, Elaine Johnson, John Magenheimer. Elizabeth Williams, and David A. Maniscalco, answer Neil Goldman's Counterclaim as follows:

1. Paragraph 1 contains conclusions of law to which no response is required. To the extent Paragraph 1 contains allegations of fact, the plaintiffs lack sufficient knowledge to confirm or deny those facts.

2. The plaintiffs lack sufficient knowledge to confirm or deny the facts alleged in Paragraph 2.

3. The plaintiffs admit that they are the plaintiffs in this action. The plaintiffs, with the exception of John J. Magenheimer, admit that they currently receive Long Term Disability benefits. Mr. Magenheimer died on March

1

24, 2004 and is therefore no longer entitled to Long Term Disability benefits. The plaintiffs admit that they claim, by their Amended Complaint, that their medical, dental and life insurance benefits were wrongfully discontinued as alleged in their Amended Complaint.

4. Paragraph 4 is a conclusion of law to which no response is necessary.

5. Paragraph 5 is a conclusion of law to which no response is necessary.

6. The plaintiffs lack sufficient knowledge to confirm or deny the facts alleged in Paragraph 6.

7. Admit.

8. Paragraph 8 is a conclusion of law to which no response is necessary.

9. The plaintiffs lack sufficient knowledge to confirm or deny the facts alleged in Paragraph 9.

10. The plaintiffs admit that their Long Term Disability salary continuation benefits were insured.

11. Denied as written. The plaintiffs admit that the Debtor paid their medical, health and life insurance benefits for the period during which they received Long Term Disability benefits, up until their termination in July 2002.

12. The plaintiffs lack sufficient knowledge to confirm or deny the facts alleged in Paragraph 12.

13. The plaintiffs lack sufficient knowledge to confirm or deny the facts alleged in Paragraph 13.

14. Admit.

15. The plaintiffs lack sufficient knowledge to confirm or deny the facts alleged in Paragraph 15.

16. Admit.

17. The plaintiffs admit that the Bankruptcy Court approved the purchase agreement and that the quoted language was included in the Court's order.

18. The plaintiffs lack sufficient knowledge to confirm or deny the facts alleged in Paragraph 18.

19. Admit.

20. The plaintiffs lack sufficient knowledge to confirm or deny the facts alleged in Paragraph 20.

21. Paragraph 21 identifies an Exhibit to the defendant's counterclaim. The plaintiffs lack sufficient knowledge to confirm or deny the identity of Exhibit A to the defendant's counterclaim.

22. The plaintiffs lack sufficient knowledge to confirm or deny the facts alleged in Paragraph 20.

23. Admit.

24. (a) Denied

    (b) Denied

    (c) Denied

    (d) Denied

    (e) Denied

    (f) Denied

3

25. Paragraph 25 contains a conclusion of law to which no response is necessary.

          Respectfully submitted,

          SALLY A. FERRARI, ELAINE JOHNSON, JOHN MAGENHEIMER, ELIZABETH WILLIAMS, and DAVID MANISCALCO

          By their attorneys,

          /s/ Laurie A. Frankl
          HARVEY A. SCHWARTZ
          BBO # 448890
          LAURIE A. FRANKL
          BBO # 647181
          Rodgers, Powers and Schwartz, LLP
          18 Tremont Street, Suite 500
          Boston, MA 02108
          617-742-7010

Dated: May 21, 2004

I hereby certify under the pains and penalties
of perjury that this document was served upon
counsel for all parties in this case on

May 21, 2004  by Mail

  /s/ Laurie Frankl

Laurie A. Frankl, Esq.

4