FILED
IN CLERKS OFFICE

2004 OCT 22 P 4: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SALLY FERRARI, ELAINE JOHNSON
JAMES A. MAGENHEIMER, as executor of the
ESTATE OF JOHN MAGENHEIMER,
ELIZABETH WILLIAMS, and DAVID A.
MANISCALCO,

    Plaintiffs,

v.

POLAROID CORPORATION and
NEAL GOLDMAN,

    Defendants.

Civil Action No. 03-11275-MLW

---

### DEFENDANT POLAROID CORPORATION'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED MOTION
### TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL

Plaintiffs have demanded a jury trial in their Second Amended Complaint, which pleads claims only under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.[1] See Sec. Am. Compl. at 14. Because there is no right to a jury trial with respect to ERISA claims, Plaintiffs' demand for a jury trial should be stricken.

Every court within this District to have addressed the question has concluded that there is no jury trial right with respect to an ERISA claim. See, e.g., *Dudley Supermarket, Inc. v. Transamerica Life Ins. & Annuity Co.*, 188 F. Supp 2d. 23, 23 (D. Mass.) ("The clear weight of

---

[1] This demand did not appear in Plaintiffs' original Complaint. Plaintiffs asked for a jury trial for the first time in paragraph 55 of their Amended Complaint. Polaroid moved to strike that demand. See Defendant Polaroid Corporation's Motion to Strike Plaintiffs' Demand for a Jury Trial.

908294.1.PHI_LIT_50 10/22/04 3:20 PM

authority holds that no right to a jury trial attaches to ERISA actions."), *aff'd on other grounds*, 302 F.3d 1 (1st Cir. 2002); *Turner v. Fallon Comm. Health Plan, Inc.*, 953 F. Supp. 419, 421 (D. Mass. 1997) ("this United States District Court has consistently held that there is no right to a jury trial under ERISA") *aff'd on other grounds*, 127 F.3d 196 (1st Cir. 1997), *cert. denied*, 533 U.S. 1072 (1998); *see also Radford Trust v. First Unum Life Ins. Co. of Am.*, 321 F. Supp 2d. 226 (D. Mass. 2004) (suggesting that, if the ERISA claim went to trial, "neither party is likely to have a right to jury trial"). *See generally Turner*, 953 F. Supp. at 421 (explaining why there is no right to a jury trial in ERISA cases and citing cases from other circuits).

The First Circuit has indicated in dicta that it is of the same view. *See, e.g., Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 24 n.4 (1st Cir. 2003); *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44, 54 (1st Cir. 2000) (district court did not err in denying demand for a jury trial where state law claim was preempted and plaintiff's only remaining claim was under ERISA).

The Court should therefore strike Plaintiffs' demand for a jury trial.

Respectfully submitted,

| | |
|---|---|
| Jerome A. Hoffman<br>Matthew Lee Wiener<br>DECHERT LLP<br>4000 Bell Atlantic Tower<br>1717 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000 | /s/ Richard D. Glovsky (JJP)<br>Richard D. Glovsky<br>Jeffrey Pyle<br>PRINCE, LOBEL, GLOVSKY & TYE LLP<br>585 Commercial Street<br>Boston, MA 02109<br>(617) 456-8000 |

Counsel for Polaroid Corporation

Dated: October 22, 2004

## CERTIFICATION OF COUNSEL

I, Richard D. Glovksy, hereby certify that I have conferred with counsel for Plaintiffs in a good-faith attempt to resolve or narrow the issues presented in Polaroid Corporation's Motion to Strike Plaintiff's Jury Demand.

                                                          Richard D. Glovsky

## CERTIFICATE OF SERVICE

I certify that on October 22, 2004, the foregoing document was served upon Plaintiffs' counsel of record, via First Class Mail, addressed as follows:

> Harvey A. Schwartz
> Rodgers, Powers & Schwartz, LLP
> 18 Tremont Street, Suite 500
> Boston, Massachusetts 02108
>
> Michael R. Pontrelli, Esquire
> Epstein Becker & Green, PC
> 111 Huntington Ave.
> 26th Floor
> Boston, Massachusetts 02199

_/s/ Richard D. Glovsky_
Richard D. Glovsky