UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SALLY FERRARI, ELAINE JOHNSON JOHN MAGENHEIMER, ELIZABETH WILLIAMS, and DAVID MANISCALCO<br><br>Plaintiffs,<br><br>v.<br><br>POLAROID CORPORATION and NEAL GOLDMAN<br><br>Defendants. | CIVIL ACTION NO. 03-11275 (MLW) |

**ANSWER OF DEFENDANT NEAL GOLDMAN
TO SECOND AMENDED COMPLAINT**

Defendant Neal Goldman ("Goldman") answers the Second Amended Complaint in this action through counsel as follows:

**FIRST DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Goldman answers the numbered paragraphs of the Second Amended Complaint as follows:

1.  Responding to the allegations of Paragraph 1 of the Second Amended Complaint, Goldman admits that the first and last sentences purport to summarize the nature of this action, and denies the remaining allegations of this paragraph.

2. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 2 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

3. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 3 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

4. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 4 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

5. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 5 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

6. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 6 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

7. Goldman admits the allegations of Paragraph 7 of the Second Amended Complaint.

8. Responding to the allegations of Paragraph 8 of the Second Amended Complaint, Goldman admits that he is a resident of the Commonwealth of Massachusetts. Further responding, Goldman admits that he held various positions with Polaroid Corporation (the "Debtor") beginning in 1997 and continuing until the Debtor sold its business out of bankruptcy on or around July 31, 2002, but denies that Paragraph 8's description of those positions is accurate and complete. Goldman admits that he was subsequently employed by the operating

company for OEPI Imaging Corporation ("OEPI"), which changed its name to Polaroid Corporation, until September 26, 2003. Goldman denies the remaining allegations of Paragraph 8.

9. The allegations of Paragraph 9 of the Second Amended Complaint set forth a conclusion of law which requires no response.

10. The allegations of Paragraph 10 of the Second Amended Complaint set forth a conclusion of law which requires no response.

11. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

12. Responding to the allegations of Paragraph 12 of the Second Amended Complaint, Goldman admits that on or around July 31, 2002, pursuant to an order of the United States Bankruptcy Court for the District of Delaware, OEPI purchased substantially all of the assets of the Debtor. Goldman denies the remaining allegations of Paragraph 12.

13. Responding to the allegations of Paragraph 13 of the Second Amended Complaint, Goldman admits that the Debtor received 35 percent of the stock of OEPI, subject to distribution under a confirmed Chapter 11 plan of reorganization. See Second Amended and Restated Asset Purchase Agreement by and among OEP Imaging Corporation and Polaroid Corporation and the Polaroid Subsidiaries Identified Herein, dated as of July 3, 2002, §§ 1.01 (definition of "Sellers' Stock), 2.05(a), & 7.05 [hereinafter, as amended and restated, the "Purchase Agreement"]. Goldman denies the remaining allegations of Paragraph 13.

14. Responding to the allegations of Paragraph 14 of the Second Amended Complaint, Goldman admits that at some point after July 31, 2002, the operating company for

OEPI changed its name to Polaroid Corporation, but lacks knowledge and information sufficient to form a belief about the date of the name change.

15. Responding to the allegations of Paragraph 15 of the Second Amended Complaint, Goldman denies that the Debtor maintained only one employee benefit plan. The remaining allegations of Paragraph 15 set forth a conclusion of law which requires no response.

16. The allegations of Paragraph 16 of the Second Amended Complaint set forth a conclusion of law which requires no response.

17. Responding to the allegations of Paragraph 17 of the Second Amended Complaint, Goldman admits that in or around July 2001, he was appointed to a committee which served as plan administrator for the Debtor's employee benefits plans. Goldman denies that Paragraph 17's characterization of the decisionmaking process for such plans is accurate or complete. The remaining allegations of Paragraph 17 set forth a conclusion of law about Goldman's status as a fiduciary which requires no response.

18. Responding to the allegations of Paragraph 18 of the Second Amended Complaint, Goldman admits that he currently owns stock in Polaroid Corporation, but denies that he received or was promised any such stock when he accepted and assumed employment with OEPI. The allegation about Goldman acting as a fiduciary sets forth a conclusion of law which requires no response.

19. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

20. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 20 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

21. Responding to the allegations of Paragraph 21 of the Second Amended Complaint, Goldman admits that employees of the Debtor historically received material at the time of hiring and thereafter which described their benefits, but lacks knowledge and information sufficient to form a belief about the content of any such material at particular times before July, 2001.

22. Responding to the allegations of Paragraph 22 of the Second Amended Complaint, Goldman admits that employees generally contributed via payroll deductions to the periodic premium payments for their medical, dental, and life insurance coverage. Goldman lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 22, and on that basis denies these allegations.

23. Responding to the allegations of Paragraph 23 of the Second Amended Complaint, Goldman admits that the Debtor generally paid the medical, dental, and life insurance premiums for individuals on long-term disability. Goldman lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 23, and on that basis denies these allegations.

24. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 24 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

25. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 25 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

26. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 26 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

27. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 27 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

28. Responding to the allegations of Paragraph 28 of the Second Amended Complaint, Goldman admits that the Debtor procured insurance to finance long-term disability payments, and that the individuals thus insured continued to receive such payments after their termination by the Debtor. Goldman denies the remaining allegations of Paragraph 28.

29. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 29 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

30. The allegations of Paragraph 30 of the Second Amended Complaint set forth a conclusion of law which requires no response. To the extent that Paragraph 30 contains factual allegations, Goldman lacks knowledge and information sufficient to form a belief about the truth of these allegations, and on that basis denies them.

31. Responding to the allegations of Paragraph 31 of the Second Amended Complaint, Goldman admits that individuals receiving long-term disability benefits were not

hired by OEPI, and that the Debtor sent such individuals a letter dated July 2, 2002. The letter is in writing and speaks for itself. Goldman denies the remaining allegations of Paragraph 31.

32. Responding to the allegations of Paragraph 32 of the Second Amended Complaint, Goldman admits that by letter dated July 2, 2002, the Debtor terminated individuals who were not being hired by OEPI, and that on or around July 31, 2002, the Debtor ceased paying of group medical, dental, and life insurance premiums for those individuals. Goldman denies the remaining allegations of Paragraph 32.

33. Responding to the allegations of Paragraph 33 of the Second Amended Complaint, Goldman admits that OEPI hired employees of the Debtor who were not receiving long-term disability payments and denies the remaining allegations of Paragraph 33.

34. Goldman denies the allegations of Paragraph 34 of the Second Amended Complaint.

35. The allegations of Paragraph 35 of the Second Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 35 contains any factual allegations, Goldman denies them.

36. The allegations of Paragraph 36 of the Second Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 36 contains any factual allegations, Goldman denies them.

37. The allegations of Paragraph 37 of the Second Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 37 contains any factual allegations, Goldman denies them.

38. The allegations of Paragraph 38 of the Second Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraph 38 contains any factual allegations, Goldman denies them.

39. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 39 of the Second Amended Complaint, and on that basis denies the allegations of this paragraph.

40-44. The allegations of Paragraphs 40-44 of the Second Amended Complaint are not directed against Goldman. To the extent that any response is required, Goldman denies the allegations of these paragraphs.

45-53. The allegations of Paragraphs 45-53 of the Second Amended Complaint set forth conclusions of law which require no response. To the extent that Paragraphs 45-53 contain factual allegations, Goldman denies them.

### THIRD DEFENSE

Any alleged harm to Plaintiffs resulted from actions undertaken by the Debtor in its "settlor" capacity for which Goldman had no fiduciary responsibility, including but not limited to the sale of the Debtor's business out of bankruptcy, the concomitant termination of those individuals not hired by OEPI, and the termination of the Debtor's long-term disability, medical, dental, and life insurance plans themselves.

### FOURTH DEFENSE

Goldman had no authority or discretion as a fiduciary to ensure the financing of any employee benefit plan at issue, either before or after the Debtor declared bankruptcy.

**FIFTH DEFENSE**

Plaintiffs had no right to "vested" benefits under what were employee welfare benefit plans within the meaning of 29 U.S.C. § 1002(1).

**SIXTH DEFENSE**

If the Debtor undertook any contractual obligation via the letters alleged in Paragraphs 25-27 of the Second Amended Complaint, which Goldman denies, the Debtor did so before Goldman became a plan administrator and he can in no event be held personally responsible as a fiduciary for any such contractual obligation of the Debtor.

**SEVENTH DEFENSE**

The quoted sentence allegedly contained in such letters served to notify Plaintiffs that payroll deductions would cease for medical, dental, and life insurance premiums while Plaintiffs remained on long-term disability, and did not rise to the level of a promise of benefits at no cost under any and all circumstances.

**EIGHTH DEFENSE**

The purported claim against Goldman is barred under principles of claim and issue preclusion by the confirmation of a plan of reorganization in the Debtor's pending bankruptcy proceeding in the United States Bankruptcy Court for the District of Delaware, Docket No. 01-10864 (PJW)(the "Bankruptcy Proceeding").

**NINTH DEFENSE**

The forms of relief sought by Plaintiffs are unavailable from Goldman individually.

**TENTH DEFENSE**

Plaintiffs must prosecute their purported claim against Goldman in the Bankruptcy Proceeding.

**ELEVENTH DEFENSE**

Any relief against Goldman is limited to what Plaintiffs might have obtained by prosecuting a claim against the Debtor, along with other creditors in the Bankruptcy Proceeding.

**TWELFTH DEFENSE**

Plaintiffs have waived any rights they might have had against Goldman.

**THIRTEENTH DEFENSE**

Plaintiffs have failed to mitigate their damages.

                          NEAL GOLDMAN

                          By his attorneys,

                          /s/ Michael R. Pontrelli
                          Michael R. Pontrelli (BBO # 549194)
                          Jeffrey M. Rosin, (BBO #629216)
                           Epstein, Becker & Green, P.C.
                           111 Huntington Avenue
                           Boston, MA 02199
                           (617) 342-4000

Dated: November 12, 2004